## PEOPLE v COWLEY

Docket No. 100823. Submitted April 19, 1988, at Lansing. Decided
January 3, 1989.

Donald R. Cowley was bound over to the Oakland Circuit Court
on a charge of fourth-degree criminal sexual conduct. Defen-
dant moved to quash the information on the ground that the
people failed to show that he used physical force or coercion
during the incident. The trial court, Steven N. Andrews, J.,
granted defendant's motion to quash and dismissed the action.
The people appealed.

The Court of Appeals *held:*

The magistrate did not abuse his discretion in binding over
defendant for trial. The prosecution is not required to prove the
elements of the crime charged beyond a reasonable doubt at
the preliminary examination. Defendant's actions here, block-
ing the victim's path while putting her in fear of dangerous
consequences, were sufficient to establish the element of force
or coercion.

Reversed.

M. J. SHAMO, J., dissented. It is his belief that the facts of
this case do not establish that force or coercion was utilized to
accomplish the unwanted touching of the victim by defendant.
He would affirm the decision to quash the information and
dismiss the complaint.

1. APPEAL — CRIMINAL LAW — PRELIMINARY EXAMINATIONS.

    A circuit court reviewing the decision of a magistrate to bind
    over an accused may not properly substitute its judgment for
    that of the magistrate and may reverse the magistrate's deci-
    sion only if it appears on the record that there has been an
    abuse of discretion.

2. RAPE — FORCE OR COERCION — CRIMINAL SEXUAL CONDUCT.

    The element of force or coercion may be found to be established

REFERENCES

Am Jur 2d, Criminal Law §§ 411 *et seq.;* Rape §§ 11, 92.

Sufficiency of allegations or evidence of serious bodily injury to
support charge of aggravated degree of rape, sodomy, or other
sexual abuse. 25 ALR4th 1213.

in a trial for fourth-degree criminal sexual conduct where the finding is based upon a showing that the defendant's actions were sufficient to create in the victim a reasonable fear of dangerous consequences (MCL 750.520e[1][a]; MSA 28.788[5][1][a]).

3. CRIMINAL LAW — PRELIMINARY EXAMINATIONS.
   The prosecution is not required to prove the elements of the crime charged beyond a reasonable doubt at the preliminary examination.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

Before: MICHAEL J. KELLY, P.J., and SULLIVAN and M. J. SHAMO,* JJ.

SULLIVAN, J. The people appeal as of right from an order of the circuit court quashing the information and dismissing charges that defendant committed fourth-degree criminal sexual conduct, MCL 750.520e(1)(a); MSA 28.788(5)(1)(a). We reverse.

Defendant was charged with fourth-degree criminal sexual conduct. At the preliminary examination, the seventeen-year-old victim testified that on August 1, 1986, at approximately 7:15 P.M., she was walking down Fourteen Mile Road when a man approached her and asked for directions. She did not know where the requested road was located and continued walking "fast." The man, identified as defendant, caught up with her and stepped in front of her, blocking her path. She testified that she was frightened and stepped backwards. He then grabbed her breast and stated,

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

"Oh, that feels nice." The victim turned to walk away and defendant grabbed her arm and asked her not to leave. She then ran to the other side of the road screaming. She testified that as defendant touched her she felt "scared." On cross-examination, the victim acknowledged that defendant did not threaten her nor did he show that he was carrying a weapon.

Following the victim's testimony, defense counsel argued that the prosecutor had failed to show that any force or coercion was used and thus, at most, defendant should be charged with an unlawful touching and not fourth-degree criminal sexual conduct. The court disagreed, stating that it was convinced that the incident was more than an assault and battery. It then bound defendant over on the charge of fourth-degree criminal sexual conduct.

Subsequently, defendant moved to quash the information on the ground that the people failed to show that defendant used physical force or coercion during the incident and, thus, that the charge of fourth-degree criminal sexual conduct was inappropriate and should be dismissed. The court agreed with defendant and ruled that, under the totality of the circumstances, it was unable to conclude that the prosecution established the element of force or coercion. The court stated that defendant did step into the victim's path and the victim testified that she was frightened; however, she admitted that defendant did not threaten her in any way and she could have gone around defendant by walking on the lawn between the road and the sidewalk. Additionally, it noted that the victim was able to escape by crossing the street. The court granted defendant's motion to quash without prejudice to the prosecutor's amending the information.

In reviewing the decision of a magistrate to bind over an accused, the circuit court may not properly substitute its judgment for that of the magistrate, but may reverse a magistrate's decision only if it appears on the record that there has been an abuse of discretion. *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115, 121; 215 NW2d 145 (1974). The standard for review in testing for an abuse of discretion is a narrow one:

> "In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." [*People v Talley,* 410 Mich 378, 387; 301 NW2d 809 (1981), citing *Spalding v Spalding,* 355 Mich 382, 384-385; 94 NW2d 810 (1959).]

Our task in assessing the circuit court's decision to quash the information is to determine whether there has been an abuse of discretion on the part of the examining magistrate because, as observed above, a reviewing circuit court may only substitute its judgment for that of the examining magistrate where there has been such an abuse.

The statute governing criminal sexual conduct in the fourth degree reads in pertinent part:

> (1) A person is guilty of criminal sexual conduct in the fourth degree if he or she engages in sexual contact with another person and if either of the following circumstances exists:
>
> (a) Force or coercion is used to accomplish the sexual contact. Force or coercion includes but is not limited to any of the circumstances listed in section 520b(1)(f)(i) to (iv). [MCL 750.520e(1)(a); MSA 28.788(5)(1)(a).]

Section 520b(1)(f), MCL 750.520b(1)(f); MSA 28.788(2)(1)(f), provides:

> (1) A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists:
>
> * * *
>
> (f) The actor causes personal injury to the victim and force or coercion is used to accomplish sexual penetration. Force or coercion includes *but is not limited to* any of the following circumstances:
>
> (i) When the actor overcomes the victim through the actual application of physical force or physical violence.
>
> (ii) When the actor coerces the victim to submit by threatening to use force or violence on the victim, and the victim believes that the actor has the present ability to execute these threats.
>
> (iii) When the actor coerces the victim to submit by threatening to retaliate in the future against the victim, or any other person, and the victim believes that the actor has the ability to execute this threat. As used in this subdivision, "to retaliate" includes threats of physical punishment, kidnapping, or extortion.
>
> (iv) When the actor engages in the medical treatment or examination of the victim in a manner or for purposes which are medically recognized as unethical or unacceptable.

The prosecutor argues that the facts in this case could reasonably be construed to indicate the presence of force or coercion under the standard announced by this Court in *People v McGill,* 131 Mich App 465, 472; 346 NW2d 572 (1984).

In *McGill, supra,* following a jury trial, the defendant was convicted of fourth-degree criminal sexual conduct. Evidence showed that the defendant took the thirteen-year-old complainant to a

state park some distance from her home and, while alone with the complainant, placed a hand on the complainant's leg and within her undergarments. The defendant made these undesired touchings on the pretext of getting the complainant a modeling job.

On appeal, the defendant argued that there was no evidence presented at trial to show that the defendant used force or coercion to effectuate the sexual contact. This Court disagreed and stated that a finding of force or coercion within the meaning of the statute defining criminal sexual conduct in the fourth degree is not limited to those situations specifically delineated in the statute. The Court ruled that a finding of force or coercion may be based upon a showing that the defendant's actions were sufficient to create a reasonable fear of dangerous consequences. *McGill, supra* at 472.

In the case of *People v Patterson,* 428 Mich 502; 410 NW2d 733 (1987), the victim, a seventeen year old, had gone to bed around midnight. She was awakened by the feel of a hand on her genital area. She called out, "Who is it?" No one answered. She reached up to feel a man's face. She moved to turn on the light and the hand was removed. She ordered the man from her room and he left. The defendant was convicted of criminal sexual conduct in the fourth degree, but the conviction was reversed since there was insufficient evidence of force or coercion used in the assault.

In this case, defendant's blocking the victim's path while putting her in fear could constitute the element of force and coercion because the victim's fear was arguably a reasonable fear of dangerous consequences. MCL 750.520b(1)(f); MSA 28.788(2)(1)(f) provides that the force or coercion is not limited to the examples included in the statute. Defendant's action here, differing from that of

the defendant in *People v Patterson,* is sufficient to establish the necessary element.

We hold, therefore, that it cannot be said that the magistrate abused his discretion in binding over defendant for trial. The prosecution is not required to prove the elements of the crime charged beyond a reasonable doubt at the preliminary examination. *People v Martin,* 150 Mich App 630, 634; 389 NW2d 713 (1986).

Reversed.

Kelly, P.J., concurred.

M. J. Shamo, J. *(dissenting).* I respectfully dissent. The essential issue in the instant case is whether force or coercion occurred so as to satisfy MCL 750.520e(1)(a); MSA 28.788(5)(1)(a). The facts of this case do not fit any of the definitions of force or coercion included by the Legislature in MCL 750.520b(1)(f); MSA 28.788(2)(1)(f). However, the definitions included in MCL 750.520b(1)(f); MSA 28.788(2)(1)(f) are not exclusive. *People v McGill,* 131 Mich App 465; 346 NW2d 572 (1984).

The majority relies on the statement of the *McGill* Court that a finding of force or coercion may be based upon a showing that the defendant's actions were sufficient to create a reasonable fear of dangerous consequences. *McGill, supra* at 472. However, the majority ignores the *McGill* Court's statement, albeit in dicta, that

> [w]e do not hold here that the type of actual conduct described in the instant case will always satisfy the "force or coercion" element. Were the victim older or had the undesired touching occurred in a place from which the victim could easily leave or from which she could summon help, a fear of dangerous consequences might not be deemed reasonable and an atmosphere of coercion

might not exist. Each case must be examined on its own facts to determine whether force or coercion is indeed present. [*McGill, supra* at 474-475.]

Our Supreme Court in *People v Patterson,* 428 Mich 502, 525; 410 NW2d 733 (1987), stated:

> The Legislature specifically required force or coercion to convict a defendant of fourth-degree criminal sexual conduct where the defendant is charged as this defendant was charged in the information. If the Legislature had wanted to make all unconsented-to sexual contact punishable, with or without force, it should have said so. It may yet do so.

In the instant case, the majority distinguishes *Patterson* but ignores the warning from Justice BRICKLEY in his concurrence, p 532, where he stated:

> The fact that the result of the majority opinion leaves unprotected, under some narrow circumstances, an unpermitted and unconsented to sexual touching[1] —a result that may or may not have been intended and that we may or may not agree with—does not license us to distort a clear, specific, and unambiguous criminal statute.

[1] Such an unpermitted, but unprotected, touching would seem to occur when it is unaided or unabetted and accomplished by surprise or concealment.

The facts of the instant case do not establish that force or coercion was utilized to accomplish the unwanted touching of the victim by defendant. The instant case parallels the dicta from *McGill* and that of Justice BRICKLEY in *Patterson.* The victim was seventeen years old, the undesired touching occurred in a place from which the vic-

tim could easily leave or from which she could summon help. Also, the undesired touching was unaided and unabetted and accomplished by surprise.

The magistrate abused his discretion in binding over defendant for trial. The circuit court did not abuse its discretion in quashing the information and dismissing the complaint against defendant.

I would affirm.