PEOPLE v LOPEZ

PEOPLE v WHITE

Docket Nos. 119161, 119905. Submitted May 8, 1990, at Lansing. Decided February 4, 1991, at 9:10 A.M. Leave to appeal sought.

John Lopez and Phillip B. White were charged in separate cases in the Washtenaw Circuit Court with keeping or maintaining a game of skill or chance for hire, gain, or reward in violation of MCL 750.303(1); MSA 28.535(1) (count I) and permitting the use of a gambling apparatus on their premises in violation of MCL 750.302(1); MSA 28.534(1) (count II). The charges related to the alleged operation of video poker machines in bars they owned. Players of the machines allegedly accumulated points, for which they were awarded up to fifteen free replays or were paid cash. The court in *Lopez*, Melinda Morris, J., and in *White*, Ross W. Campbell, J., quashed count I and dismissed count II. The prosecution appealed by leave granted in each case.

The Court of Appeals consolidated the appeals and *held:*

The circuit court erred. MCL 750.303(2); MSA 28.535(2), which exempts from the prohibition of MCL 750.303(1); MSA 28.535(1) those machines which limit the accumulation of free replays to fifteen, does not apply where, as here, a cash payoff is made on the basis of accumulated replays. In addition, MCL 750.302(1); MSA 28.534(1), which proscribes permitting the use of a gambling apparatus on a premises, is not limited to devices which are used exclusively for gambling, but applies to devices which can be used for gambling or amusement such as the machines at issue in these cases.

1. The trial court erred in concluding that the video poker machines in these cases were exempt from § 303(1) pursuant to § 303(2), which provides in part that mechanical amusement devices which limit free replays to fifteen are not subject to § 303(1). A mechanical amusement device is not exempt from

REFERENCES

Am Jur 2d, Gambling §§ 91, 92, 95.

See the Index to Annotations under Equipment and Machinery; Gambling.

being considered a gambling device under § 303(1) merely because its free replays are limited to fifteen.

2. Contrary to defendant White's assertion, § 303(2) need not be construed in conjunction with § 303(3), which provides in part that a slot machine which is at least twenty-five years old and is not used for gambling purposes is not subject to § 303(1). The omission of the language "not used for gambling purposes" from § 303(2) does not evince a legislative intent to exempt from § 303(1) devices described in § 303(2) even where those devices are used for gambling purposes. Rather, the inclusion of "not used for gambling purposes" in § 303(3) signifies a recognition by the Legislature that slot machines are primarily used for gambling and that old slot machines are usually collectors' items no longer used for gambling purposes.

3. The trial court erred in determining that § 302(1), which proscribes permitting the use of a gambling apparatus on a premises, applies to or prohibits only devices which are used exclusively for gambling and therefore does not apply to devices which can be used for gambling or amusement. Section 302(2), by its own terms, does not provide for such a limited application. In any event, the Supreme Court has decided that video poker machines can be gambling devices.

Reversed and remanded.

T. J. LESINSKI, J., dissenting in part, stated that the video poker machines in these cases met the physical requirements of the exemption provided in § 303(2) and that the trial court's quashing of count I should be affirmed.

1. CRIMINAL LAW — GAMING DEVICES — VIDEO POKER MACHINES.

The provision of the Penal Code which exempts from the proscription of gaming devices a mechanical amusement device that rewards a player with up to fifteen free replays does not apply to a video poker machine that, in addition to so rewarding a player, also is used to provide cash payoffs on the basis of points accumulated in play (MCL 750.303[1],[2]; MSA 28.535[1],[2]).

2. CRIMINAL LAW — GAMING DEVICES — VIDEO POKER MACHINES.

The provision of the Penal Code which proscribes permitting the use of a gambling apparatus on a premises is not limited to devices which are used exclusively for gambling, but may apply to devices which, although not exclusively so used, are determined to have been used for gambling (MCL 750.302[1]; MSA 28.534[1]).

*Frank J. Kelley*, Attorney General, *Gay Secor*

*Hardy,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Brian L. Mackie,* Assistant Prosecuting Attorney, for the people.

*Don Ferris,* for John Lopez.

*Terrance P. Conlin,* for Phillip B. White.

Before: Gribbs, P.J., and Hood and T. J. Lesinski,* JJ.

Hood, J. Defendants John Lopez and Phillip Bradley White were bound over in separate cases to the Washtenaw Circuit Court on charges of: (1) keeping or maintaining a game of skill or chance for hire, gain, or reward, MCL 750.303; MSA 28.535 (count I); (2) permitting the use of a gambling apparatus on their premises, MCL 750.302; MSA 28.534 (count II); and (3) permitting gambling at a bar, MCL 436.50; MSA 18.1021. Defendant White was also charged with maintaining a place with devices for registering debts and buying or selling betting pools, MCL 750.304; MSA 28.536. The circuit court ordered count I quashed and count II dismissed in each case. The people appeal by leave granted the orders in both cases. Because the issues involved were the same, this Court consolidated the cases in its October 6, 1989, order. We reverse.[1]

Counts I and II involved the operation of video poker machines in defendants' bars. When a player accumulated points on a machine, the bartender would pay the player in cash on the basis of the point total.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

[1] At the time these cases were argued, defendant Lopez had not filed a brief on appeal.

I

With respect to count I, the people argue that the circuit court erred in granting defendants' motions to quash. We agree.

In reviewing the decision of an examining magistrate to bind over a defendant, the circuit court should not substitute its decision for that of the magistrate and should overturn the magistrate's decision only if it appears from the record that an abuse of discretion occurred. *People v Talley,* 410 Mich 378, 385; 301 NW2d 809 (1981). Our task in assessing the circuit court's decision to quash charges is to determine whether the examining magistrate committed an abuse of discretion. *People v Cowley,* 174 Mich App 76, 79; 435 NW2d 458 (1989).

Defendants were charged under MCL 750.303(1); MSA 28.535(1) with keeping or maintaining a game of skill or chance for hire, gain, or reward. Specifically, this section provides:

> A person who for hire, gain or reward, keeps or maintains a gaming room, a gaming table, game of skill or chance, or game partly of skill and partly of chance, used for gaming, or who permits a gaming room, or gaming table, or game to be kept, maintained, or played on premises occupied or controlled by the person, is guilty of a misdemeanor, punishable by imprisonment for not more than 2 years, or a fine of not more than $1,000.00. A person who aids, assists, or abets in the keeping or maintaining of a gaming room, gaming table, or game, is guilty of a misdemeanor, punishable by imprisonment for not more than 2 years, or a fine of not more than $1,000.00.

However, MCL 750.303(2); MSA 28.535(2) provides an exemption from subsection (1) for certain desig-

nated devices. The exemption at issue in this appeal states:

> Subsection (1) does not apply to a mechanical amusement device which may through the application of an element of skill reward the player with the right to replay the mechanical device at no additional cost if the mechanical amusement device is not allowed to accumulate more than 15 replays at 1 time; the device·is designed so that accumulated free replays may only be discharged by reactivating the device for 1 additional play for each accumulated free replay; and the device makes no permanent record directly or indirectly of the free replays awarded.

We believe that the circuit court, in ruling that the district court abused its discretion, erroneously held that the video poker machines came within the exemption because they were limited to fifteen replays. The circuit court reached this faulty conclusion on the basis of our Supreme Court's decision in *Automatic Music & Vending Corp v Liquor Control Comm,* 426 Mich 452; 396 NW2d 204 (1986), app dis 481 US 1009; 107 S Ct 1880; 95 L Ed 2d 488 (1987).

In *Automatic Music,* the Court, after ruling that a video poker machine was a gambling device within the context of MCL 750.303(1); MSA 28.535(1), went on to· consider the relevance and constitutionality of the exemption of subsection (2). *Id.,* pp 458-461. The Court first held that the exemption did not unconstitutionally deny equal protection because the fifteen-replay limitation was not arbitrary and was rationally related to a legislative goal of prohibiting the use of such machines for cash payoffs. *Id.,* p 459. The Court concluded that the Legislature could reasonably have believed that a larger number of free replays

would create a greater incentive to make cash payoffs and that limiting the accumulation of replays to a small number (fifteen) would avoid the problem. *Id.,* pp 459-460. The Court then found that the exemption was not unconstitutionally vague because the language of MCL 750.303(2); MSA 28.535(2) was "perfectly comprehensible." *Id.,* p 460.

However, the *Automatic Music* Court also concluded that the poker machine in that case did not qualify for the exemption because it allowed the accumulation of more than fifteen replays, there was a button on the machine which allowed the discharge of all free replays, and a permanent record of the number of replays awarded was kept in the machine. *Id.,* pp 457-458.

We believe that, while the Court in *Automatic Music* found that the fifteen-replay limitation was constitutional, it was not pronouncing a blanket rule that a person who keeps or maintains a machine that meets the fifteen-replay requirement was exempt from prosecution under subsection (1) even if evidence illustrates that the machines were used for gambling. It is necessary to keep in focus the facts involved in the *Automatic Music* case. There was no suggestion in that case that a player of the poker machine involved could win cash. As a factual matter, the evidence demonstrated that the free replays had to be used as games on the machine. Thus, the Court in *Automatic Music* was not faced with a situation where money was exchanged.

*Automatic Music* stands solely for the proposition that the fifteen-replay limitation was a constitutionally sound means of classifying machines exempt from MCL 750.303(1); MSA 28.535(1). It does *not* hold that, simply because a machine is limited to fifteen replays, it is automatically ex-

empt from being considered a gambling device. Such an assertion would seem contrary to our Legislature's intent in enacting the statutory scheme governing gambling (MCL 750.301 *et seq.*; MSA 28.533 *et seq.*) to suppress an activity "injurious to the morals and welfare" of the citizenry. *Michigan ex rel Comm'r of State Police v Nine Money Fall Games,* 130 Mich App 414, 419; 343 NW2d 576 (1983). Therefore, the circuit court's reliance on *Automatic Music* was misplaced.

However, we choose not to end our analysis here because defendant White contends that the exemption in subsection (2) of MCL 750.303; MSA 28.535 should be read in conjunction with the exemption in subsection (3), which provides in pertinent part:

Subsection (1) does not apply to a slot machine if the slot machine is 25 years old or older and is not used for gambling purposes.

Defendant White argues that the Legislature did not use the language "not used for gambling purposes" in subsection (2) as it did when subsection (3) was added in 1979. Specifically, defendant asserts that this omission evidences the Legislature's intent in subsection (2) to exclude devices even if they were used for gambling purposes. We feel that this interpretation is illogical and borders on the ridiculous.

First, we believe that the "not used for gambling purposes" language in subsection (3) was used because old slot machines are often antiques or collectors' items and are used for display purposes only. Thus, the Legislature did not want to make mere possession of such machines, which ordinarily have no other purpose but gambling, subject to prosecution under subsection (1). The use of specific language delineating that machines not be

used for gambling purposes was not necessary in subsection (2). The omission of this language in no way demonstrated a legislative intent to permit the use of mechanical amusement devices for gambling. Defendant's interpretation of subsection (2) would produce absurd results, and statutes should be construed to avoid ridiculous and unreasonable consequences. *Michigan Humane Society v Natural Resources Comm,* 158 Mich App 393, 401; 404 NW2d 757 (1987).

The district court did not abuse its discretion in binding over defendants on count I in both cases. Thus, the circuit court erroneously granted defendants' motions to quash. *People v Cowley, supra.*

## II

The people next argue that the circuit court erred in dismissing count II.

In count II, defendants were charged with permitting the use of a gambling apparatus on their premises in violation of MCL 750.302(1); MSA 28.534(1), which prescribes:

Keeping and occupying building for gaming, etc. —except as provided in subsection (2), any person, or his agent or employee who shall, directly or indirectly, keep or occupy or assist in keeping or occupying any common gambling house or any building or place where gaming is permitted or suffered or who shall suffer or permit on any premises owned, occupied or controlled by him any apparatus used for gaming or gambling or who shall use such apparatus for gaming or gambling in any place within the state of Michigan, shall be guilty of a misdemeanor, punishable by imprisonment in the county jail not more than 1 year or by a fine of not more than $500.00.

The circuit court ruled in both cases that this

provision applied to or prohibited only those devices which were used exclusively for gambling. This conclusion was based on *People v Lippert,* 304 Mich 685; 8 NW2d 880 (1943), and *Michigan ex rel Comm'r of State Police v One Helix Game,* 122 Mich App 148; 333 NW2d 24 (1982). However, close examination of these cases indicates that they are distinguishable and inapposite.

First, *Lippert* dealt with the legality of the mere possession of a gambling apparatus and thus only considered the possession portion of MCL 750.302(1); 28.534(1). In addition, *Lippert* did not deal with devices which could have dual purposes of gambling and amusement. Second, *One Helix Game* also dealt with possession under the statute. Furthermore, *One Helix Game* involved the seizure and destruction of a gambling apparatus under MCL 750.308; MSA 28.540. Neither *Lippert* nor *One Helix Game* concerned that portion of MCL 750.302(1); MSA 28.534(1) at issue in the instant cases (permitting the use of an apparatus for gambling). The holdings in *Lippert* and *One Helix Game* dealing with devices used solely for gambling are inapplicable, and the circuit court's reliance upon these cases was erroneous.

Our review of the language of MCL 750.302(1); MSA 28.534(1) in no way reveals that its application is limited to devices exclusively used for gambling. Our Supreme Court in *Automatic Music* ruled that the video poker machine at issue was a *gambling device. Id.,* pp 457-458. The Court *opined* that such games required: (1) price or consideration; (2) chance; and (3) a prize or reward of free replays, which are things of value. *Id.* While *Automatic Music* involved MCL 750.303; MSA 28.535, we find the Court's holding that video machines can be gambling devices dispositive. Thus, § 302(1) was applicable to the machines in these cases. The

district court did not abuse its discretion in binding over defendants, and the circuit court erred in dismissing count II in both cases. *People v Cowley, supra.*

III

In light of the foregoing conclusions, we reverse the circuit court orders in both cases quashing count I and dismissing count II.

Reversed and remanded for further proceedings consistent with this opinion.

Gribbs, P.J., concurred.

T. J. Lesinski, J. *(dissenting in part).* With respect to count II, I agree with the reasoning and the decision to reverse the trial court and to remand the case for further proceedings consistent with the majority opinion.

With respect to count I, I disagree with the position of the majority. The trial court properly quashed count I pursuant to § 2 of MCL 750.303; MSA 28.535, which provides an exemption of certain designated devices from § 1 of the act.

In the instant cases, the circuit court found that the video poker machines came under the exemption because they were limited to fifteen replays. The circuit court held that the district court abused its discretion by binding over the defendants for trial on count I.

Count I is predicated on the fact that the machines were used for gambling. The machines had separate counters that tabulated "points" on the basis of how the player played against the machines and the player was paid in cash on the

basis of accumulated points. Winning added points and losing deducted them. The exact formula for paying off on the basis of the points is not part of the record. The machine itself does not pay off for the accumulated points.

The prosecutor argues that because the points recorded on the machines were used to determine a cash payoff to players they were not exempt under the statute. Defendants argue that because the machines do not violate the statute they can be used for gambling. I disagree with both positions.

The machines in question do not violate the statute per se, and they are exempt from the provisions of § 1 by virtue of MCL 750.303(2); MSA 28.535(2). The machines meet the physical requirements laid down by the statute for exemption. Section 1 of the act is intended to punish possession of nonexempt devices as well as aiders and abettors in that possession. The statute does not make it lawful for possessors of exempt machines to use them for gambling.

The prosecution's problem is that the Legislature failed to cover all the bases when it wrote the exemption. The Legislature addressed the amount of replays a machine can accumulate. It did not address the point-counting aspect of such a machine. If the Legislature intended not to exempt machines that had cumulative point counters, the Legislature was obligated to spell it out. The authors of this statute did not sufficiently delineate the exemption to exclude the machines in these cases.

I would affirm with respect to count I, reverse with respect to count II, and remand for further proceedings regarding count II.