PEOPLE v VERA

Docket No. 82374. Submitted June 10, 1986, at Grand Rapids. Decided July 21, 1986.

Defendant, Carlos Albert Vera, was convicted of two counts of attempted voluntary manslaughter for attempting to asphyxiate his two sons, Ottawa Circuit Court, Calvin L. Bosman, J. At trial the court refused to allow certain portions of the preliminary examination testimony of Mrs. Vera, who was deceased at the time of trial. Also, the court placed the burden on defendant to prove his alleged defense of voluntary abandonment. Defendant appealed. *Held:*

1. Testimony of a witness given at a hearing or deposition in any proceeding may be admitted as an exception to the hearsay rule where the declarant is unavailable as a witness and where the party against whom it is offered had an opportunity and similar motive to develop the testimony by direct, cross or redirect examination. To be admissible, the issue for which the former testimony was elicited and the issue for which the party wishes the former testimony admitted must be substantially similar. The portion which the court refused to admit was at the end of Mrs. Vera's testimony, when defendant's counsel began asking Mrs. Vera questions which were not relevant to the crime, but were asked to elicit facts relevant to a determination of the proper amount of defendant's bond. After defense counsel completed his three questions pertaining to bond, the court chose to ask a few questions of its own to help in the determination of bond. It is Mrs. Vera's response to one of the court's questions, in which she stated that she did not think defendant really tried to kill the boys, that defendant particularly wanted to have read at the trial. The questions and their answers were only relevant to the issue of defendant's bond, not defendant's intent. The court properly denied their admission.

2. The court . properly placed the burden of proving his

REFERENCES

Am Jur 2d, Evidence §§ 227, 493 *et seq.*

Admissibility or use in criminal trial of testimony given at preliminary proceeding by witness not available at trial. 38 ALR4th 378.

affirmative defense of voluntary abandonment upon defendant. Shifting the burden of proof to the defendant is unconstitutional where the situation is such that, should defendant fail in his burden, an element of the crime will be automatically proven for the prosecution. When the situation is such that, if defendant fails in his burden, no essential element of the crime would be automatically proven, thus requiring the prosecutor to still go forward with evidence to prove all the elements of the crime beyond a reasonable doubt, the shifting of the burden of proof to the defendant is not unconstitutional.

Affirmed.

1. Evidence — Hearsay — Prior Testimony — Rules of Evidence.

Testimony of a witness given at a hearing or deposition in any proceeding may be admitted as an exception to the hearsay rule where the declarant is unavailable as a witness and where the party against whom it is offered had an opportunity and similar motive to develop the testimony by direct, cross or redirect examination; to be admissible, the issue for which the former testimony was elicited and the issue for which the party wishes the former testimony admitted must be substantially similar (MRE 804[b][1]).

2. Evidence — Hearsay — Appeal.

Review of a trial court's refusal to admit prior testimony of a witness who is unavailable for trial may be had to determine whether the testimony was admissible and, if so, whether the trial court abused its discretion in not allowing its admission.

3. Criminal Law — Attempt — Defenses — Voluntary Abandonment — Burden of Proof.

The burden is on the defendant who asserts the affirmative defense of voluntary abandonment to a charge of criminal attempt to establish by a preponderance of the evidence that he or she has voluntarily and completely abandoned his or her criminal purpose.

4. Criminal Law — Burden of Proof.

Shifting the burden of proof to the defendant is unconstitutional where the situation is such that, should defendant fail in his burden, an element of the crime will be automatically proven for the prosecution; when the situation is such that, if defendant fails in his burden, no essential element of the crime would be automatically proven, thus requiring the prosecutor to still go forward with evidence to prove all the elements of the crime beyond a reasonable doubt, the shifting of the burden of proof to the defendant is not unconstitutional.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Wesley J. Nykamp,* Prosecuting Attorney, and *Gregory J. Barbitt,* Assistant Prosecuting Attorney, for the people.

*Hann, Persinger & Farmer, P.C.* (by *Floyd H. Farmer, Jr.*), for defendant.

Before: R. B. BURNS, P.J., and GRIBBS and R. I. COOPER,* JJ.

R. B. BURNS, P.J. Defendant was convicted by a jury of two counts of attempted voluntary manslaughter, MCL 750.321; MSA 28.553; MCL 750.92; MSA 28.287, for attempting to asphyxiate his two sons on April 30, 1984. He appeals and we affirm.

On appeal, defendant raises two issues. The first issue concerns the trial judge's ruling excluding a portion of Mrs. Vera's preliminary examination testimony.

At defendant's preliminary examination, Mrs. Vera testified as to the events occurring on April 30, 1984. Before the trial began, Mrs. Vera passed away. Thus, the prosecutor wished to have her preliminary examination testimony read at the trial pursuant to the former testimony exception to the hearsay rule, MRE 804(b)(1). However, the attorneys disagreed as to whether a certain portion of her preliminary examination testimony met the requirements of that exception. This portion was at the end of Mrs. Vera's testimony, when defendant's counsel began asking Mrs. Vera questions which were not relevant to the crime, but were asked to elicit facts relevant to a determination of the proper amount of defendant's bond. After defense counsel completed his three questions pertaining to bond, the court chose to

* Circuit judge, sitting on the Court of Appeals by assignment.

ask a few questions of its own to help in the determination of bond. It is Mrs. Vera's response to one of the court's questions, in which she stated that she did not think defendant really tried to kill the boys, that defendant particularly wanted to have read at the trial. The prosecutor objected to its admission.

Before the trial began, the prosecutor requested the judge to rule the testimony inadmissible at the trial. The judge sustained the prosecutor's objection to the admission of the testimony at trial, finding that the testimony did not meet the requirement of MRE 804(b)(1) that the prosecutor have a similar motive to develop the testimony by cross-examination. Defendant made a proper offer of proof and appeals from the judge's ruling keeping out that testimony.

MRE 804(b) provides in part:

> Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> (1) Former Testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

There is no question that defendant's wife was unavailable at trial, since she died between the preliminary examination and the trial. The question on appeal is whether the statements of Mrs. Vera in answer to the judge's questions on the bond determination are admissible as former testimony. Once it is determined that the statements

are admissible, the standard of review is whether the trial court abused its discretion in not allowing their admission. *People v Wittebort,* 81 Mich App 529; 265 NW2d 404 (1978), lv den 405 Mich 830 (1979).

The prosecutor, in arguing against admitting Mrs. Vera's statements, does not claim that he had no opportunity to cross-examine Mrs. Vera, but that he did not have a similar motive to cross-examine her. MRE 804(b)(1) is identical to FRE 804(b)(1). McCormick on Evidence, commenting on FRE 804(b)(1), states that the issue for which the former testimony was elicited and the issue for which the party wishes the former testimony admitted must be substantially similar before the former testimony may be admitted:

> It is often said that the issue in the two suits must be the same. But certainly the policy mentioned does not require that all the issues (any more than all the parties) in the two proceedings must be the same, but at most that the issue on which the testimony was offered in the first suit must be the same as the issue upon which it is offered in the second. Additional issues or differences in regard to issues upon which the former testimony is not offered are of no consequence. Moreover, insistence upon precise identity of issues, which might have some appropriateness if the question were one of res judicata or estoppel by judgment, are out of place with respect to former testimony where the question is not of binding anyone, but merely of the salvaging, for what it may be worth, of the testimony of a witness not now available in person. Accordingly, modern opinions qualify the requirement by demanding only "substantial" identity of issues. [McCormick, Evidence (3d ed), § 257, pp 767-768.]

In *United States v Wingate,* 520 F2d 309 (CA 2,

1975), cert den 423 US 1074 (1976), the Court of Appeals for the Second Circuit denied defendant's request to have the suppression hearing testimony of a witness, who claimed the Fifth Amendment at trial, read at the trial since the issue at the suppression hearing was the voluntariness of a confession, while defendant wished to admit the testimony at trial on the issue of his guilt. 520 F2d 316.

In the instant case, the statements defendant especially wishes to admit were made at the preliminary examination after the prosecution and counsel for defendant had concluded their direct and cross-examination of Mrs. Vera, and the prosecutor was about to call his next witness.

The questions by the court, and their answers by Mrs. Vera, were relevant only to the issue of the amount of defendant's bond. That is the only reason why the court asked the questions. We do not believe the prosecutor had any motive to further question Mrs. Vera at that time on her statement as to defendant's intent to kill. On appeal, defendant wishes to use this statement on the issue of his intent to kill, an element of attempted voluntary manslaughter. We believe the issues of bond determination and intent to kill are not substantially similar and, thus, the trial court properly found that this testimony did not fit the former testimony exception to the hearsay rule.

Next, defendant claims that the trial court erred by placing the burden of proving abandonment upon defendant in a specific intent crime.

In *People v Kimball*, 109 Mich App 273; 311 NW2d 343 (1981), modified 412 Mich 890; 313 NW2d 285 (1981), this Court held that voluntary abandonment is an affirmative defense to a prosecution for criminal attempt. The burden is on defendant to establish by a preponderance of the

evidence that he or she voluntarily and completely abandoned his or her criminal purpose. 109 Mich App 286. In a footnote, this Court said:

> It is not unconstitutional to place this burden on the defendant since voluntary abandonment does not negate any element of the offense. [*Kimball, supra,* p 286, n 7.]

Defendant in the instant case argues that the statement in the footnote does not apply to specific intent crimes. However, the defendant in *Kimball* was charged with the specific intent crime of attempted unarmed robbery. Thus, this Court found the statement in footnote 7 to be applicable also to specific intent crimes.

We have found no other Michigan cases on the constitutionality of placing the burden of proving abandonment upon defendant. However, the United States Supreme Court has discussed the constitutionality of placing the burden of proving various defenses upon defendant.

From a reading of several United States Supreme Court cases,[1] it is apparent that shifting the burden of proof is unconstitutional when the situation is such that, should defendant fail in his burden, an element of the crime will be automatically proven for the prosecution. On the other hand, if the situation is such that, if defendant fails in his burden, an essential element of the crime would not be automatically proven, thus requiring the prosecutor to still go forward with evidence to prove all the elements of the crime beyond a reasonable doubt, the shifting of the burden of proof is not unconstitutional. Putting it

[1] *Leland v Oregon,* 343 US 790; 72 S Ct 1002; 96 L Ed 1302 (1952); *Mullaney v Wilbur,* 421 US 684; 95 S Ct 1881; 44 L Ed 2d 508 (1975); *Patterson v New York,* 432 US 197; 97 S Ct 2319; 53 L Ed 2d 281 (1977).

more loosely, if a presumption is established should defendant fail in his burden, the shifting is unconstitutional. If an affirmative defense is involved, however, shifting is not unconstitutional.

Affirmed.