PEOPLE v FARQUHARSON

Docket No. 271783. Submitted January 18, 2007, at Detroit. Decided
    February 13, 2007, at 9:10 a.m. Leave to appeal denied, 478 Mich
    931.

Kerrick Farquharson was charged in the Genesee Circuit Court with
several crimes related to a shooting in which one person was killed
and another wounded. Andre Mathis, a witness to the shooting,
gave testimony regarding the incident pursuant to an investigative
subpoena. In a proffer agreement for an unrelated matter, he also
gave what the prosecution contended was a contradictory state-
ment. Mathis was killed before the trial in this case, and the court,
Geoffrey L. Neithercut, J., granted the defendant's motion to
introduce at trial a transcript of Mathis's investigative-subpoena
testimony. The prosecution appealed by delayed leave granted.

    The Court of Appeals *held*:

    Because Mathis's investigative-subpoena testimony is hearsay,
the issue is whether it is admissible under MRE 804(b)(1), which
provides that, if the declarant is unavailable as a witness, the
declarant's testimony from another hearing is not excluded by the
hearsay rule if the party against whom the testimony is now
offered had an opportunity and similar motive to develop the
testimony by direct, cross-, or redirect examination. The
investigative-subpoena proceeding qualifies as "another hearing"
for purposes of the rule. Whether a party had a similar motive to
develop the testimony, however, depends on the similarity of the
issues for which the testimony is presented at each hearing. A trial
court must examine several factors to determine whether the
party had a similar motive to examine the witness at the prior
proceeding, including, but not limited to, (1) whether the party
opposing the testimony had, at the prior proceeding, an interest of
substantially similar intensity to prove (or disprove) the same side
of a substantially similar issue; (2) the nature of the two proceed-
ings, including what is at stake and the applicable burdens of
proof; and (3) whether the party opposing the testimony in fact
undertook to cross-examine the witness (both the opportunities
employed and those available but forgone). The trial court did not
make a determination with respect to the prosecution's motive in

developing Mathis's testimony at the investigative-subpoena hearing. Thus, the case must be remanded for this determination.

Order vacated and case remanded for further proceedings.

TALBOT, J., concurring in part and dissenting in part, generally agreed with the majority's reasoning and analysis regarding the admissibility under MRE 804(b)(1) of investigative-subpoena testimony, but dissented with regard to remanding the case. In an investigative-subpoena hearing, the prosecution is motivated more by an interest in discovery than a desire to evaluate or test the reliability of a particular witness's testimony. A bright-line rule cannot be drawn, and remand for a determination regarding the existence of a similar motive would be both necessary and appropriate in certain circumstances. The facts of this case, however, permit a conclusion that the prosecution's concern and motivation in the investigative-subpoena hearing were simply to gather information, and not to prove the truth or falsity of the testimony. Absent a similarity in motive, the trial court's ruling regarding the admissibility of the investigative-subpoena testimony should be reversed.

1. EVIDENCE — HEARSAY — FORMER TESTIMONY — INVESTIGATIVE-SUBPOENA PROCEEDINGS.

Testimony given at an investigative-subpoena proceeding qualifies as testimony given as a witness at another hearing for purposes of the hearsay exception for the former testimony of an unavailable declarant (MCL 767A.1 et seq.; MRE 804[b][1]).

2. EVIDENCE — HEARSAY — FORMER TESTIMONY.

An unavailable declarant's former testimony at another hearing is not excluded by the hearsay rule if the party against whom the testimony is now offered had an opportunity and similar motive to develop the testimony by direct, cross-, or redirect examination; whether a party had a similar motive to develop the testimony depends on the similarity of the issues for which the testimony is presented at each hearing; to determine the similarity of the motive, the trial court must examine, but is not limited to examining: (1) whether the party opposing the testimony had, at the prior proceeding, an interest of substantially similar intensity to prove (or disprove) the same side of a substantially similar issue; (2) the nature of the two proceedings, including what is at stake and the applicable burdens of proof; and (3) whether the party opposing the testimony in fact undertook to cross-examine the witness, including both the opportunities employed and those available but forgone (MRE 804[b][1]).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *David S. Leyton*, Prosecuting Attorney, and *Donald A. Kuebler*, Chief of Research, Training, and Appeals, for the people.

*Neil C. Szabo* for the defendant.

Before: FORT HOOD, P.J., and TALBOT and SERVITTO, JJ.

SERVITTO, J. The prosecution appeals by delayed leave granted the trial court's March 25, 2006, order granting defendant's motion to admit the investigative-subpoena testimony of a now-deceased witness, Andre Mathis, at trial. Because defendant was required to show that the prosecution had a similar motive in developing Mathis's testimony at the investigative-subpoena hearing before the trial court could admit Mathis's investigative-subpoena testimony at trial, we vacate the trial court's order and remand for a determination regarding whether the prosecution had a similar motive in developing Mathis's testimony at the investigative-subpoena hearing.

This appeal arises from the shooting of Denise Colen and her brother, David Colen, Jr., outside an after-hours club in Flint. David Colen died as a result of injuries he incurred in the shooting. Mathis witnessed the shooting and, after being issued an investigative subpoena, appeared at the Genesee County Prosecuting Attorney's office to give sworn testimony regarding the incident. The testimony he provided indicated that a man known as "Rick" (later clarified to be Ricardo Otis Dickerson) was the shooter. Several months later, Mathis signed a proffer agreement concerning a criminal charge brought against him (for an unrelated incident), which contained a written statement about the Colen shootings and which the prosecution contends contradicted

his investigative-subpoena testimony. Mathis was listed as a witness for the prosecution, but died as a result of gunshot wounds before trial in this matter began. After Mathis's death, defendant filed a motion to introduce at trial a transcript of Mathis's investigative-subpoena testimony, and the trial court granted defendant's motion. By leave granted, this appeal followed.

This Court reviews for an abuse of discretion a trial court's determination of evidentiary issues. *People v Smith,* 456 Mich 543, 549; 581 NW2d 654 (1998). " '[A]n abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome.' " *Maldonado v Ford Motor Co,* 476 Mich 372, 388; 719 NW2d 809 (2006), quoting *People v Babcock,* 469 Mich 247, 269; 666 NW2d 231 (2003). " 'When the trial court selects one of these principled outcomes, the trial court has not abused its discretion and, thus, it is proper for the reviewing court to defer to the trial court's judgment." *Maldonado,* 476 Mich at 388, quoting *Babcock,* 469 Mich at 269. "However, decisions regarding the admission of evidence frequently involve preliminary questions of law, e.g., whether a rule of evidence or statute precludes admissibility of the evidence." *People v Lukity,* 460 Mich 484, 488; 596 NW2d 607 (1999). This Court reviews de novo questions of law. *Id.*

On appeal, neither party disputes that Mathis's testimony is hearsay. Rather, defendant contends that the testimony falls within an exception to the hearsay rule and is thus admissible. The prosecution, however, contends that defendant failed to show that Mathis's investigative-subpoena testimony was admissible under MRE 804(b)(1) and that the admission of the testimony constituted an abuse of the trial court's discretion. The

prosecution also contends that Mathis's testimony is akin to grand-jury testimony, and, thus, it must satisfy the same evidentiary standards to be admissible at trial.

Out-of-court statements offered for their truth are usually inadmissible hearsay. See MRE 801(c); MRE 802. MRE 804(b), however, provides several hearsay exceptions if a declarant is unavailable as a witness.[1] Defendant advocates the admission of Mathis's testimony in his defense pursuant to MRE 804(b)(1), which provides that "former testimony" is excluded from the hearsay rule if the witness's testimony was "given as a witness at another hearing of the same or a different proceeding, if the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination."

Pursuant to the langue of MRE 804(b)(1), the first element necessary for the admission of former testimony is that the testimony must have been made at "another hearing." The prosecution does not seriously dispute that the investigative-subpoena hearing qualifies as "another hearing." In fact, the prosecution likens Mathis's testimony to testimony given during a grand-jury proceeding, which has been held to be a hearing for purposes of FRE 804(b)(1).[2] See *United States v Salerno*, 505 US 317, 321; 112 S Ct 2503; 120 L Ed 2d 255 (1992). Moreover, a quick review of the statutes governing investigative-subpoena proceedings and grand-jury proceedings reveals noteworthy similarities that compel

---

[1] Unavailability as a witness includes situations in which the declarant is unable to be present or to testify at the hearing because of death. MRE 804(a)(4).

[2] The text of MRE 804(b)(1) is almost identical to FRE 804(b)(1). As our Supreme Court noted in *People v Katt,* 468 Mich 272, 280; 662 NW2d 12 (2003), federal decisions interpreting federal rules of evidence are instructive in interpreting similar Michigan rules of evidence.

us to hold that Mathis's testimony was given at "another hearing" for purposes of MRE 804(b)(1).

MCL 767A.2 allows a prosecuting attorney to petition the district court, the circuit court, or the recorder's court in writing for authorization to issue one or more subpoenas to investigate the commission of a felony. A court may

> authorize the prosecutor to issue an investigative subpoena if the judge determines that there is reasonable cause to believe a felony has been committed and that there is reasonable cause to believe that the person who is the subject of the investigative subpoena may have knowledge concerning the commission of a felony or the items sought are relevant to investigate the commission of a felony. [*In re Subpoenas to News Media Petitioners*, 240 Mich App 369, 375; 613 NW2d 342 (2000), citing MCL 767A.3(1).]

Investigative subpoenas must include a statement that a person may have legal counsel present at all times during questioning, MCL 767A.4(g), and a witness must be advised of his or her constitutional rights against compulsory self-incrimination, MCL 767A.5(5); *People v Stevens*, 461 Mich 655, 659 n 1; 610 NW2d 881 (2000). A person served with an investigative subpoena must appear before the prosecuting attorney and answer questions concerning the felony being investigated. MCL 767A.5(1). The prosecuting attorney is authorized to administer oaths, MCL 767A.5(2), and if a witness testifies falsely under oath during an investigative-subpoena proceeding, perjury penalties apply, MCL 767A.9.

In Michigan, grand-jury proceedings are governed by MCL 767.1 *et seq.* See *People v Glass (After Remand)*, 464 Mich 266, 278-280; 627 NW2d 261 (2001). "There is no state constitutional right to indictment by grand jury; rather, indictment by grand jury is an alternative

charging procedure created by the Legislature." *Id.* at 278-279, citing *In re Palm,* 255 Mich 632; 238 NW 732 (1931). MCL 767.21 provides:

> The prosecuting attorney and other prosecuting officers, may, in all cases, issue subpoenas for witnesses to appear and testify on behalf of the people of this state; and the subpoena, under the hand of such officer, shall have the same force and be obeyed in the same manner and under the same penalties, as if issued by the clerk or any magistrate.

A witness testifying before a grand jury does so under oath and may be found in contempt if the witness neglects or refuses to appear or testify or to "answer any questions before the grand jury concerning any matter of thing of which the witness has knowledge concerning matters before the grand jury . . . ." MCL 767.19c.

A one-person grand jury may also be convened to investigate whether probable cause exists to suspect that a crime has been committed. The one-person grand jury is a creation of, and draws its extraordinary powers from, statutes. MCL 767.3 and 767.4; *In re Slattery*, 310 Mich 458; 17 NW2d 251 (1945). MCL 767.3 grants the one-person grand jury certain powers, including subpoena power to

> require such persons to attend before him as witnesses and answer such questions as the judge may require concerning any violation of law about which they may be questioned within the scope of the order. The proceedings to summon such witness and to compel him to testify shall, as far as possible, be the same as proceedings to summon witnesses and compel their attendance and testimony.

Any witness who neglects or refuses to appear in response to a summons or to answer any questions

posed by the one-person grand jury may be found in contempt of court. MCL 767.5.

As can be seen, both sets of statutes provide mechanisms to subpoena witnesses to testify regarding circumstances surrounding the investigation of a felony. MCL 767.3; MCL 767.21; MCL 767A.3(1). Furthermore, a witness testifying before either a grand jury or during an investigative-subpoena hearing does so under oath and subject to the penalties for perjury. MCL 767.19d; MCL 767A.9. Similar procedures are also available for a defendant to obtain a witness's testimony from either a grand-jury proceeding or an investigative-subpoena hearing. See MCL 767.19g; MCL 767A.5. Because of the similarities between a grand-jury proceeding and an investigative-subpoena hearing, we find that testimony given at an investigative-subpoena hearing qualifies as "[t]estimony given as a witness at another hearing of the same or a different proceeding" under MRE 804(b)(1).

The challenged testimony having been given at another hearing, we next address whether the testimony meets the second requirement of MRE 804(b)(1)—that is, whether the party against whom the testimony is now offered had an opportunity and similar motive to develop the testimony. Whether a party had a similar motive to develop the testimony depends on the similarity of the issues for which the testimony is presented at each proceeding. *People v Vera,* 153 Mich App 411, 415; 395 NW2d 339 (1986). Given the similarities between a grand-jury proceeding and an investigative-subpoena hearing, we find a review of cases involving the admission of grand-jury testimony under various hearsay exceptions helpful in resolving the issue in the present case.

In *United States v Salerno,* the Supreme Court addressed whether the grand-jury testimony of two unavailable witnesses could properly be admitted under FRE 804(b)(1). There, both witnesses invoked the right against self-incrimination at trial, and the defendants attempted to introduce the witnesses' exculpatory grand-jury testimony under FRE 804(b)(1). *Salerno,* 505 US at 319-320. However, the district court refused to admit the testimony, reasoning that the government did not have a similar motive under FRE 804(b)(1) in eliciting the witnesses' testimony during the grand-jury proceedings because the " 'motive of a prosecutor in questioning a witness before the grand jury in the investigatory stages of a case is far different from the motive of a prosecutor in conducting the trial.' " *Id.* at 320. On appeal, the Supreme Court agreed that to admit the testimony under FRE 804(b)(1), the defendants were required to show that the United States had a similar motive in developing the witnesses' testimony at the grand-jury proceedings. *Id.* at 322. Furthermore, the Supreme Court rejected the defendants' argument that "adversarial fairness may prohibit suppression of exculpatory evidence produced in grand jury proceedings," reasoning that nothing within the explicit provisions of FRE 804(b)(1) allowed the Court to resolve the issue in equity. *Id.* at 323-324. Consequently, the Supreme Court remanded the matter to the Second Circuit Court of Appeals for a determination regarding whether the prosecution had a similar motive in eliciting the witnesses' grand-jury testimony. *Id.* at 325.

This Court addressed a similar issue in *People v Chavies,* 234 Mich App 274; 593 NW2d 655 (1999), overruled on other grounds by *People v Williams,* 475 Mich 245 (2006). There, two witnesses testified before a one-person grand jury under penalty of perjury, implicating the defendant in a murder. At trial, however, the

witnesses "claimed to remember nothing about the murder or about their prior statements . . . ." *Chavies,* 234 Mich App at 282. This Court held that the witnesses' grand-jury testimony was properly admitted as a prior inconsistent statement under MRE 801(d)(1)(A), but would have been inadmissible under MRE 804(b)(1) because the "defendant had no 'opportunity . . . to develop the testimony by direct, cross, or redirect examination' in front of the grand jury." *Id.* at 283-284, quoting MCL 767.3.[3]

Federal courts have also addressed issues involving admission of grand-jury testimony under the former-testimony exception. In *United States v DiNapoli,* 8 F3d 909, 912 (CA 2, 1993) (en banc), the Second Circuit Court of Appeals interpreted the "similar motive" requirement of FRE 804(b)(1). The Second Circuit noted that there are differences between grand-jury and trial proceedings, but declined to hold that a prosecutor generally will not have the same motive to develop testimony at grand-jury proceedings as he or she does at trial. *Id.* at 913-914. The *DiNapoli* court also declined to accept the converse, that the motives will always be similar, indicating that, "[i]n almost every criminal case, . . . the Government could probably point to some aspect of cross-examination of an exonerating witness that could have been employed at a prior trial and surely at a prior grand jury proceeding." *Id.* at 914. The

---

[3] The admission of testimony under MRE 804(b)(1) often raises issues concerning a defendant's right to confront witnesses against him or her. However, this Court has recognized that a defendant may personally and expressly waive this right of confrontation. See *People v Lawson,* 124 Mich App 371, 376; 335 NW2d 43 (1983). In this matter, the prosecution does not dispute that defendant has waived his constitutional right to confront Mathis through cross-examination at the investigative-subpoena hearing. The confrontation clauses (US Const, Am VI, and Const 1963, art 1, § 20) are thus not at issue here.

Second Circuit thus encouraged a fact-specific inquiry regarding whether the prosecution had a "similar motive" in developing the witness's testimony during a grand-jury proceeding:

> The proper approach, therefore, in assessing similarity of motive under [FRE] 804(b)(1) must consider whether the party resisting the offered testimony at a pending proceeding had at a prior proceeding an interest of substantially similar intensity to prove (or disprove) the same side of a substantially similar issue. The nature of the two proceedings—both what is at stake and the applicable burden of proof—and, to a lesser extent, the cross-examination at the prior proceeding—both what was undertaken and what was available but forgone—will be relevant though not conclusive on the ultimate issue of similarity of motive. [*Id.* at 914-915.]

We find the analysis employed in *DiNapoli* well-reasoned and compelling, and thus adopt the following as a nonexhaustive list of factors a trial court is to examine in determining whether the party had a similar motive to examine a witness at the prior proceeding: (1) whether the party opposing the testimony "had at a prior proceeding an interest of substantially similar intensity to prove (or disprove) the same side of a substantially similar issue"; (2) the nature of the two proceedings—both what is at stake and the applicable burdens of proof; and (3) whether the party opposing the testimony in fact undertook to cross-examine the witness (both the employed and the available but forgone opportunities).

The trial court relied on unpublished opinions in rendering its decision and made no finding with respect to the prosecution's motive in developing Mathis's testimony at the investigative-subpoena hearing. Absent such a finding, we cannot determine whether the trial court properly considered the admissibility of the

statements under MRE 804(b)(1). Therefore, we remand this case to the trial court for a determination regarding whether the prosecution had a similar motive in developing Mathis's testimony at the investigative-subpoena hearing. See *Salerno,* 505 US at 320.

Defendant separately argues on appeal that he would be denied his constitutional right to present a defense if he is precluded from presenting Mathis's investigative-subpoena testimony at trial and that the evidentiary rules should yield to his constitutional right. Defendant notes that he intends to introduce Mathis's former testimony to show that Mathis identified Dickerson, and not defendant, as the person who committed the shootings. However, this Court granted the prosecution's delayed application for leave to appeal and limited review to the issues raised in the prosecution's application. *People v Farquharson,* unpublished order of the Court of Appeals, entered August 21, 2006 (Docket No. 271783). The prosecution did not raise defendant's constitutional claims in its application. Further, defendant did not file a cross-appeal. We thus decline to specifically consider defendant's constitutional claim because "this appeal is limited to the scope of this Court's order granting leave to appeal . . . and defendant has not raised these constitutional issues in a cross-appeal." *People v Cervi,* 270 Mich App 603, 623 n 13; 717 NW2d 356 (2006), citing MCR 7.205(D)(4) and *Jenkins v Patel,* 256 Mich App 112, 130; 662 NW2d 453 (2003), rev'd on other grounds 471 Mich 158 (2004).

Vacated and remanded for further proceedings consistent with this order. We do not retain jurisdiction.

FORT HOOD, P.J., concurred.

TALBOT, J. (*concurring in part and dissenting in part*). While I concur, in general, with the majority's reasoning and analysis regarding the admissibility of investigative-subpoena testimony under MRE 804(b)(1), I respectfully dissent and write separately because I believe that this Court is able to determine whether the prosecution in this matter had a similar motive in developing the disputed testimony, and I would reverse the trial court's ruling regarding admissibility of the investigative-subpoena testimony.

As recognized by both the majority and caselaw, for testimony secured through an investigative subpoena to qualify as a hearsay exception when the declarant is subsequently unavailable for trial, MCR 804(b)(1) requires "the party against whom the testimony is now offered" to demonstrate that the party had "an opportunity and similar motive to develop the testimony . . . ." The inquiry to determine the existence of a "similar motive must be fact specific . . . ." *United States v DiNapoli,* 8 F3d 909, 914 (CA 2, 1993) (en banc).

In accordance with this Court's ruling in *People v Vera,* 153 Mich App 411, 415; 395 NW2d 339 (1986), in ascertaining the similarity of motive, "the issue for which the former testimony was elicited and the issue for which the party wishes the former testimony admitted must be substantially similar . . . ." In addition,

> [t]he test must turn not only on whether the questioner is on the same side of the same issue at both proceedings, but also on whether the questioner had a substantially similar interest in asserting that side of the issue. If a fact is critical to a cause of action at a second proceeding but the same fact was only peripherally related to a different cause of action at the first proceeding, no one would claim that the questioner had a similar motive at both proceedings to show that the fact had been established (or disproved). [*DiNapoli, supra* at 912.]

Hence, situations are not necessarily equivalent or "the same where the two proceedings are different in significant respects, such as their purposes or the applicable burden of proof." *Id.* at 913.

The stated purpose of an investigative subpoena is simply to provide a mechanism to assist a prosecutor in gathering facts and information "to investigate the commission of a felony . . . ." MCL 767A.2(1). In contrast, at trial a prosecutor's role is to seek justice, and not merely to obtain a conviction. *People v Pfaffle,* 246 Mich App 282, 291; 632 NW2d 162 (2001). The motive for development of testimony in these two types of proceedings is inherently different, making it "quite unrealistic to characterize the prosecutor as the 'opponent' of a witness's version" of events when examined pursuant to an investigative subpoena. *DiNapoli, supra* at 913. Hence, in conducting an investigative-subpoena hearing, a prosecutor is motivated more by an interest in discovery than a desire to evaluate or test the reliability of a particular witness's testimony. Specifically:

> At a preliminary stage of an investigation, the prosecutor is not trying to prove any side of any issue, but only to develop the facts to determine if an indictment is warranted. Even if the prosecutor displays some skepticism about particular testimony . . . , that does not mean the prosecutor has a motive to show the falsity of the testimony, similar to the motive that would exist at trial if an indictment is returned and the witness's testimony is presented by a defendant to rebut the prosecutor's evidence of guilt. [*Id.*]

I do not purport to suggest that a bright-line rule can be established regarding the admissibility of investigative-subpoena testimony under MRE 804(1)(b). However, the facts of this case permit this Court to determine that the trial court erred in ruling

the testimony admissible without the trial court having evaluated whether the prosecutor had a "similar motive" sufficient to meet the requirements of MRE 804(1)(b). Although in certain circumstances it would be both necessary and appropriate to remand to the trial court for a determination regarding the existence of a "similar motive," to avoid further delay in these proceedings, I would assert that it is unnecessary in this instance because, when conducting the investigative-subpoena hearing, the prosecutor's concern and motivation were simply to gather information, and not to prove either the truth or falsity of the testimony provided. Given the absence of any similarity in motive, as required by MRE 804(1)(b), I would reverse the trial court's ruling regarding the admissibility of the investigative-subpoena testimony.