# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 6, 2009

137723 & (13)

In re KERRICK FARQUHARSON.
_____

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

CIRCUIT JUDGE,
      Defendant-Appellee.

_____/

SC: 137723
COA: 288558

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

On order of the Court, the motion for immediate consideration is GRANTED. The application for leave to appeal the November 14, 2008 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

YOUNG, J. (*concurring*).

I concur in this Court's order denying leave to appeal. I write separately to address the prosecutor's sanctionable behavior. The Court of Appeals was generous not to sanction the prosecutor for filing a frivolous complaint for superintending control, and, but for the fact that the people of Genesee County would have to pay for his actions, I would not continue that generosity.

The seed for these proceedings was planted when the trial court granted defendant Kerrick Farquharson's motion to use testimony of an unavailable witness at his trial. The prosecutor appealed, and the Court of Appeals reversed and remanded for a hearing.[1] On remand, the trial court again ruled that the testimony was admissible and scheduled trial

---

[1] *People v Farquharson*, 274 Mich App 268, 279 (2007). The prosecutor sought leave to appeal in this Court, but we denied leave "because we [were] not persuaded that the question presented should be reviewed by this Court prior to the completion of the proceedings ordered by the Court of Appeals." 732 NW2d 901 (2007).

for January 29, 2008. The prosecutor again sought leave to appeal in the Court of Appeals, but the court denied leave to appeal for failure to persuade it of the need for immediate appellate review.[2] On January 31, 2008, the prosecutor filed an application for leave to appeal in this Court and sought immediate consideration. Rather than wait for this Court to act, however, the prosecutor voluntarily dismissed without prejudice all charges against defendant that same day. Accordingly, this Court dismissed the prosecutor's application for leave to appeal because it sought to appeal a ruling in a case that had been dismissed.[3]

The prosecutor immediately re-filed the charges against defendant. It is not clear whether the parties again raised the admissibility of the unavailable witness's statement in the trial court, but the prosecutor did not file an appeal after he re-filed charges. Instead, the prosecutor filed a complaint for superintending control in the Court of Appeals seeking "reversal" of the trial court's ruling *in the case that the prosecutor dismissed*. The Court of Appeals dismissed the prosecutor's complaint because the prosecutor had other adequate legal remedies available.[4]

Defendant's trial was rescheduled to begin on December 5, 2008. The prosecutor sought leave to appeal in this Court and we have denied leave.[5]

Pursuant to MCR 7.316(D)(1)(a), "[t]he Court may, on its own initiative . . . assess actual and punitive damages . . . when it determines that an appeal or any of the proceedings in an appeal was vexatious because . . . the appeal was taken . . . without any reasonable basis for belief that there was a meritorious issue to be determined on appeal."

Assistant Prosecuting Attorney Donald A. Kuebler is an experienced appellate practitioner. Unfortunately, Mr. Kuebler is not a stranger to frivolous appellate

---

[2] Unpublished order of the Court of Appeals, issued January 30, 2008 (Docket No. 283300).

[3] Unpublished order of the Supreme Court, entered March 24, 2008 (Docket No. 135744).

[4] Unpublished order of the Court of Appeals, issued November 14, 2008 (Docket No. 288558), citing MCR 3.302(B), (D)(2).

[5] While the prosecutor's application for leave to appeal was pending, defendant's trial commenced and he was convicted on December 29, 2008, of second-degree murder, MCL 750.317, assault with intent to murder, MCL 750.83, and felony-firearm, MCL 750.227b.

arguments in this Court.[6] In this case, Mr. Kuebler attempted an end-run around a ruling in a case he appealed but then dismissed. And he did so on a basis that was clearly without merit. In addition, I wish to note that, due in part to the prosecutor's dissatisfaction with the prior proceedings, defendant was imprisoned without a trial for over three years.

I am not certain whether Mr. Kuebler thought that he was being "clever," but I want to assure him that he was not. MCR 3.302(B) provides: "If another adequate remedy is available to the party seeking the order, a complaint for superintending control may not be filed." And MCR 3.302(D)(2) reinforces: "When an appeal in the Supreme Court, the Court of Appeals, the circuit court, or the recorder's court is available, that method of review must be used. If superintending control is sought and an appeal is available, the complaint for superintending control must be dismissed." Before the prosecutor dismissed the charges, an application for leave to appeal was pending in this Court. Thus, an appeal to the Supreme Court was available. Unsatisfied with that remedy, the prosecutor abandoned it by dismissing the charges.

In the instant proceedings, an adequate remedy remained available. The prosecutor could have sought to exclude the unavailable witness's testimony and pursued an interlocutory appeal in the Court of Appeals if his motion were once again denied. Of course, that remedy was unappealing to Mr. Kuebler because it did not previously provide the remedy that he believed he was entitled to within the time frame that he desired. Nonetheless, an adequate remedy remained available and Mr. Kuebler was expressly prohibited from circumventing our rules of appellate procedure.

Accordingly, I concur in this Court's order denying leave to appeal and, but for the fact that the people of Genesee County would incur the cost, I would impose sanctions pursuant to MCR 7.316(D)(1)(a).

---

[6] See, e.g., *People v Frazier*, 478 Mich 231, 240-241 (2007), where Mr. Kuebler urged this Court to ignore an unappealed federal district court's habeas corpus order despite conceding that this Court is "bound by the unchallenged federal court determination."



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 6, 2009

0303

Clerk