# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellee,

v

SAMUEL RAMON SMALLEY,

   Defendant-Appellant.

UNPUBLISHED
January 14, 2016

No.   322743
Wayne Circuit Court
LC No.   13-005115-FC

---

Before:  Saad, P.J., and Wilder and Murray, JJ.

Per Curiam.

Defendant appeals his jury trial convictions of first-degree criminal sexual conduct, MCL 750.520b (multiple variables), kidnapping, MCL 750.349, and assault with intent to commit great bodily harm less than murder, MCL 750.84.[1]  For the reasons provided below, we affirm.

This case arises from a rape that occurred outside of a motorcycle club.  The victim was not available to testify at trial because she died before trial commenced.  But her testimony from the preliminary examination was read into the record in lieu of live testimony at trial.  Defendant's appeal focuses on the admission of that testimony.

Defendant argues that the victim's testimony was inadmissible hearsay, which violated his Confrontation Clause rights.  We disagree.

"To preserve an evidentiary issue for review, a party opposing the admission of evidence must object at trial and specify the same ground for objection that it asserts on appeal." *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001).  Defense counsel objected at trial based solely on a violation of the right to confront one's witnesses but did not object on the basis of hearsay at trial.  Therefore, the Confrontation Clause argument is preserved, and the hearsay argument is not preserved.

Generally, evidentiary rulings are reviewed for an abuse of discretion.  *People v Unger*, 278 Mich App 210, 216; 749 NW2d 272 (2008).  An abuse of discretion occurs when the trial

---

[1] Defendant was acquitted of unarmed robbery, MCL 750.530, and carjacking, MCL 750.529a.

-1-

court chooses an outcome that is "outside the range of reasonable and principled outcomes." *People v Orr*, 275 Mich App 587, 588-589; 739 NW2d 385 (2007). Preliminary questions of law regarding the admissibility of evidence are reviewed de novo. *People v Duenaz*, 306 Mich App 85, 90; 854 NW2d 531 (2014). However, an unpreserved evidentiary issue is reviewed for plain error affecting substantial rights. See *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). The defendant bears the burden of demonstrating that a clear error occurred and that it affected the outcome of the trial court proceedings. *Id.* Even if this burden is met, this Court reverses the trial court only if the defendant is actually innocent or if the "'fairness, integrity, or public reputation of judicial proceedings'" was seriously affected by the error. *Id.*, quoting *United States v Olano*, 507 US 725, 736-737; 113 S Ct 1770; 123 L Ed 2d 508 (1993).

Hearsay is an out-of-court statement that is offered to proof the truth of the matter asserted and is inadmissible unless an exception exists. MRE 801; MRE 802. MRE 804, however, provides exceptions for when the declarant is unavailable. A declarant's former testimony, although hearsay, is admissible if the declarant is unavailable at trial and "if the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." MRE 804(b)(1). Further, under MRE 804(a)(4), a deceased witness qualifies as unavailable. *People v Farquharson*, 274 Mich App 268, 272 n 1; 731 NW2d 797 (2007).

Here, despite the fact that defendant claims that he is not willing to concede that the victim was unavailable, both the trial court and defense counsel stated on the record at trial that the victim was dead and discussed whether the jury would be informed of this fact. No party suggested at trial that there was any reason to believe anything to the contrary. Even in his brief on appeal, defendant acknowledges that the victim died prior to trial. Therefore, the victim was unavailable as a witness under MRE 804(a)(4).

Additionally, defense counsel had, and took advantage of, an opportunity to examine and develop the victim's testimony by cross-examination at the preliminary examination. Defendant's attorney was engaged throughout the victim's preliminary examination testimony, objected on a number of occasions, and conducted a thorough cross-examination. Furthermore, the purpose of eliciting the victim's testimony at the preliminary examination was "substantially similar" to the purpose of admitting the victim's testimony at trial. Therefore, because all of the requirements were satisfied under MRE 804(b)(1), the victim's testimony from the preliminary examination was admissible, and defendant has failed to establish any plain error in this regard.

We also hold that the admission of the testimony did not violate defendant's right to confrontation. "The Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him.'" *People v Taylor*, 482 Mich 368, 375; 759 NW2d 361 (2008), quoting US Const, Am VI. "Where testimonial evidence is at issue," as is the case here, "the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." *Crawford v Washington*, 541 US 36, 68; 124 S Ct 1354; 158 L Ed 2d 177 (2004); see also *People v Wood*, 307 Mich App 485, 516; 862 NW2d 7 (2014), vacated in part on other grounds ___ Mich ___ (Docket No. 150684, entered November 24, 2015). As already noted, the victim was unavailable, and defendant had a prior opportunity to cross-examine her. As such, defendant was not denied his right to confrontation.

Defendant claims that a separate hearing prior to trial should have been held to determine whether the victim's testimony was admissible but cites no case or statute that suggests such a hearing is required. Accordingly, the argument is abandoned. See *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000) (noting that the failure to provide authority for a claim of error results in the claim being abandoned).[2] To the extent that defendant suggests that a hearing was needed to establish that the testimony had an "indicia of reliability," that suggestion is without merit, as the requirement of hearsay having an "indicia of reliability" in order to be admissible under the Confrontation Clause has been repudiated by the United States Supreme Court. *Crawford*, 541 US at 60-69; *Taylor*, 482 Mich at 377.

Defendant also argues that his trial counsel was ineffective for failing to fully object to the admission of the victim's testimony. To prevail on a claim of ineffective assistance, "a defendant must show that (1) counsel's performance fell below an objective level of reasonableness and (2) but for counsel's deficient performance, there is no reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). But, as already discussed, the victim's prior testimony was clearly admissible from both an evidentiary standpoint and a constitutional one. Accordingly, defendant cannot show how counsel was ineffective for failing to challenge the admission of the testimony any further. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) ("Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel.").

Defendant further alleges that the prosecutor committed misconduct when she failed to volunteer to the court that a hearing on the admissibility of the testimony had not taken place yet. Because this issue was not listed in defendant's statement of the questions presented, it is abandoned. MCR 7.212(C)(5); *People v Brown*, 239 Mich App 735, 748; 610 NW2d 234 (2000). But even if we were to review the issue, because it is based on defendant's unsupported theory that a discrete hearing was needed before the victim's prior testimony could be admitted, it has no merit.

Affirmed.

/s/ Henry William Saad
/s/ Kurtis T. Wilder
/s/ Christopher M. Murray

---

[2] In any event, because the parties acknowledged at trial that the victim was deceased, the purpose of conducting a separate hearing (to ostensibly determine if the victim was, indeed, unavailable) would be patently pointless.