*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 30, 2020

Plaintiff-Appellee,

v

No. 347648
Kent Circuit Court
LC Nos. 17-009236-FC
17-009237-FC

JAYKWON ANTHONY-LASHAWN
DICKERSON,

Defendant-Appellant.

Before: BORRELLO, P.J., and SAWYER and SERVITTO, JJ.

PER CURIAM.

Defendant, Jaykwon Anthony-Lashawn Dickerson, appeals as of right his jury trial convictions of assault with intent to murder, MCL 750.83; carrying a concealed weapon, MCL 750.227; felon in possession of a firearm (felon-in-possession), MCL 750.224f; two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b; and perjury, MCL 767A.9(1)(b). The trial court sentenced defendant, as a third-offense habitual offender, MCL 769.11, to 20 to 40 years' imprisonment for the assault with the intent to murder conviction; 18 months to 10 years' imprisonment for the carrying a concealed weapon conviction; 18 months to 10 years' imprisonment for the felon-in-possession conviction; 2 years' imprisonment for each felony-firearm conviction; and 6 to 20 years' imprisonment for the perjury conviction. We affirm.

On July 16, 2017, two females, one of whom was a relative of defendant, were involved in a physical altercation. Someone told defendant that during that fight, a man had intervened and hit Amari Howard (Howard), his female relative. Defendant and Howard's other male relatives searched for and found the alleged male assailant, Marveno Matthews (Matthews), who was with several other people on a street corner that was a common gathering location for people in the area. Matthews denied hitting Howard and began walking away. However, defendant became involved in a verbal altercation with Matthews' girlfriend about the fight, then pulled out a gun. Matthews' girlfriend ran toward him and defendant started firing in the direction of the couple. Matthews grabbed a gun from one of his friends who was also standing on the street corner and returned fire.

-1-

A bystander and friend of both Matthews and defendant, Larry Moore, was shot by Matthews during the gunfire and later died as a result of the gunshot wound.

Thereafter, defendant was interviewed pursuant to an investigative subpoena, and during the interview he denied touching or firing a gun the night of the shooting. Nevertheless, the day after his interview, defendant was charged with assault with intent to murder, felon-in-possession, carrying a concealed weapon, two counts of felony-firearm, and perjury. At the conclusion of a jury trial, defendant was convicted of the charges.

On appeal, defendant argues that he was denied the effective assistance of counsel because defense counsel failed to object to the admission of the video and transcript of his investigative subpoena interview. Because defendant did not preserve this issue for appeal, our review of this issue is for errors apparent on the record. *People v Lockett*, 295 Mich App 165, 186; 814 NW2d 295 (2012).

To establish a claim of ineffective assistance of counsel, a defendant must "show (1) that trial counsel's performance was objectively deficient, and (2) that the deficiencies prejudiced the defendant." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018) (citation omitted). For the first requirement, the defendant "must overcome the strong presumption that counsel's performance was born from a sound trial strategy," *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012), and show that defense counsel's actions were not a "result of reasonable professional judgment." *Strickland v Washington*, 466 US 668, 690; 104 S Ct 2052; 80 L Ed 2d 674 (1984). This Court will not "substitute [its] judgment for that of counsel on matters of trial strategy" or "use the benefit of hindsight when assessing counsel's competence." *People v Unger*, 278 Mich App 210, 242-243; 749 NW2d 272 (2008). As to the second requirement, the defendant "must show that, but for counsel's deficient performance, a different result would have been reasonably probable." *People v Armstrong*, 490 Mich 281, 290; 806 NW2d 676 (2011).

Prior to defendant being charged in the instant matter, he was interviewed, under oath, pursuant to an investigative subpoena. The interview was videotaped and transcribed and these were admitted, without objection, as evidence during defendant's trial. During the interview, defendant denied being upset the night of the shooting or about Howard being involved in an earlier fight. He admitted getting into an argument with some females where the shooting took place, but he stated that he was walking away from the them when someone started shooting. Defendant denied firing or touching a gun during the shooting. Defendant testified that after someone started shooting, he ran to his grandmother's house, which was nearby. Witnesses contradicted defendant's version of the events that had transpired.

Defendant argues that he was denied effective assistance of counsel because defense counsel failed to object to the admission of the video and transcript of his investigative subpoena interview, which were inadmissible hearsay. Hearsay is "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). In general, hearsay is inadmissible. MRE 802. However, the

Michigan Rules of Evidence provide for hearsay exceptions. See *id*. See also MRE 803, 804. Relevant to the instant matter, MRE 804(b)(1) provides that if the declarant is unavailable as a witness, the following is not excluded by the general prohibition against the admission of hearsay:

> Testimony given as a witness at another hearing of the same or a different proceeding, if the party against whom the testimony is now offered, or in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

A witness who invokes his or her Fifth Amendment right not to testify is considered unavailable. *People v Meredith*, 459 Mich 62, 66; 586 NW2d 538 (1998). "Whether a party had a similar motive to develop the testimony depends on the similarity of the issues for which the testimony was presented at each proceeding." *People v Farquharson*, 274 Mich App 268, 275; 731 NW2d 797 (2007). When determining whether the prosecution had a similar motive to examine a witness at the prior proceeding, a court should examine the following factors:

> whether the party resisting the offered testimony at a pending proceeding had at a prior proceeding an interest of substantially similar intensity to prove (or disprove) the same side of a substantially similar issue. The nature of the two proceedings-both what is at stake and the applicable burden of proof-and, to a lesser extent, the cross-examination at the prior proceeding-both what was undertaken and what was available but forgone-will be relevant though not conclusive on the ultimate issue of similarity of motive. [*Id*. at 278, quoting *United States v DiNapoli*, 8 F 3d 909, 914-915 (CA 2, 1993)]

In this case, defendant correctly asserts that the video and transcript of defendant's interview was not admissible pursuant to MRE 804(b)(1).

Defendant invoked his Fifth Amendment right not to testify at trial. He was thus "unavailable" for purposes of MRE 804. And defendant testified pursuant to an investigative subpoena. This Court has held that "testimony given at an investigative subpoena hearing qualifies as testimony given as a witness at another hearing of the same or a different proceeding . . . under MRE 804(b)(1)." *Farquharson*, 274 Mich App at 275 (quotation marks and citations omitted). Accordingly, only if this Court has determined that "the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination," would the testimony be admissible pursuant to MRE 804(b)(1). We make no such determination; thus, that rule is inapplicable.

The testimony here was offered against defendant, and defendant did not have "an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." MRE 804(b)(1). The only person who questioned defendant during the investigative subpoena interview was the prosecution, and the prosecution was the party admitting the interview into evidence at trial against defendant. See *id*. Moreover, defendant had not yet been charged with any crime in connection to the events at issue. As a result, the investigative subpoena testimony would not be admissible under MRE 804(b)(1).

However, defendant's testimony was still otherwise admissible because his statements were not hearsay. MRE 801(d)(2)(A) provides that statements offered against an opposing party that are the opposing party's own statements are, by definition, not hearsay. In this case, the prosecution admitted the video and transcript of defendant's investigative subpoena interview into evidence at trial against defendant to establish that he perjured himself. Therefore, the statements defendant made in the video are by definition not hearsay and were thus otherwise admissible.

Moreover, defendant's statements were admissible because the prosecution was not admitting the statements to prove the truth of the matter asserted. See MRE 801(c). The prosecution admitted statements from defendant in which he claimed that he did not shoot or touch a gun at the time of shooting not to prove the truth of what defendant asserted, but, rather, to prove that defendant had lied under oath. Therefore, those statements do not qualify as hearsay. See MRE 801(c).

Because defendant's investigative subpoena interview was admissible, any objection from defense counsel would have been futile or meritless. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). As a result, defendant's claim is without merit.

Affirmed.

/s/ Stephen L. Borrello
/s/ David H. Sawyer
/s/ Deborah A. Servitto