PEOPLE v McMANUS

Docket No. 57964. Submitted April 6, 1982, at Grand Rapids.—Decided November 17, 1982. Leave to appeal applied for.

On January 7, 1980, a search warrant was issued on the affidavit of an investigator for the Berrien County Prosecutor to the effect that defendant, Vertis McManus, Jr., had failed to file state income tax returns when, in fact, he had substantial earnings and that it was necessary to search for defendant's business records for tax purposes. The same day the investigator, an investigator for the Michigan Department of Treasury and a Benton Harbor police officer executed the search warrant. Defendant's wife answered the door and directed them to a small office where her husband kept his records. While searching inside the desk, the investigator found a glass vial containing cocaine. Defendant was charged with possession of cocaine and was bound over to the Berrien Circuit Court. The court, Julien E. Hughes, J., ruled that the Berrien County Prosecutor's office had no authority to procure a search warrant for an income tax violation. Additionally, he quashed the information in the cocaine case, holding that the evidence presented at the preliminary examination was insufficient to establish probable cause that defendant possessed the seized cocaine. The people appealed. *Held:*

1. Prosecuting attorneys have the power to enforce criminal penalties for failure to file a state income tax return and for filing a fraudulent return. That power includes the execution of search warrants.

2. Possession of illegal narcotics requires dominion or right of control over the drug, either actual or constructive, with knowledge of its presence and character. Possession may be proved by circumstantial evidence and reasonable inferences drawn there-

REFERENCES FOR POINTS IN HEADNOTES
[1] 63 Am Jur 2d, Prosecuting Attorneys § 28.
   71 Am Jur 2d, State and Local Taxation § 606.
[2] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 45-47.
   What constitutes "possession" of a narcotic drug proscribed by § 2 of the Uniform Narcotic Drug Act. 91 ALR2d 810.
[3] 21 Am Jur 2d, Criminal Law §§ 358, 419, 429.

from, and the jury may properly infer intent to possess from facts fairly proving its existence. The duty of the magistrate at a preliminary examination is to bind the defendant over for trial if it appears at the conclusion of the preliminary examination that a crime has been committed and there is probable cause to believe that the defendant committed it. Defendant was properly bound over for trial.

Reversed.

1. TAXATION — SEARCHES AND SEIZURES — CRIMINAL LAW — PROSE-CUTING ATTORNEYS.

Prosecuting attorneys have the power to enforce criminal penalties for failure to file a state income tax return and for filing a fraudulent return; that power includes the execution of search warrants (MCL 206.461; MSA 7.557[1461]).

2. CONTROLLED SUBSTANCES — POSSESSION — EVIDENCE.

Possession of illegal narcotics requires dominion or right of control over the drug, either actual or constructive, with knowledge of its presence and character; possession may be proved by circumstantial evidence and reasonable inferences drawn therefrom, and the jury may properly infer intent to possess from facts fairly proving its existence.

3. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — MAGISTRATES.

The duty of the magistrate at a preliminary examination is to bind the defendant over for trial if it appears at the conclusion of the preliminary examination that a crime has been committed and there is probable cause to believe that the defendant committed it; he is not required to find the guilt of the defendant established beyond a reasonable doubt, but there must be evidence on each element of the crime charged or evidence from which those elements may be inferred.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney, and *Angela Baryames,* Assistant Prosecuting Attorney, for the people.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *E. David Brockman* and *Paul L. Bricker,* Assistants Attorney General, amicus curiae.

*Earl W. Dalzell,* for defendant.

Before: MACKENZIE, P.J., and D. E. HOLBROOK, JR., and D. S. DEWITT,* JJ.

D. E. HOLBROOK, JR., J. On February 21, 1980, defendant was bound over to circuit court for possession of cocaine, contrary to MCL 333.7403(2)(a)(iv); MSA 14.15(7403)(2)(a)(iv). On July 22, 1980, defendant was charged with failure to file his 1978 state income tax return contrary to MCL 206.461(1)(a); MSA 7.557(1461)(1)(a).

On January 7, 1980, a search warrant was issued authorizing the search of defendant's home. Said warrant was issued on the basis of the affidavit of Thomas Schadler, an investigator for the Berrien County Prosecutor's office, to the effect that defendant had failed to file state income tax returns when, in fact, he had earned substantial monies and that it was therefore necessary to search for defendant's business records for tax purposes. The same day, Schadler, along with Mark Derry, an investigator for the Michigan Department of Treasury, and Charles Harrison, a Benton Harbor police officer, executed the search warrant. Defendant's wife answered the door and directed them to a small office where her husband kept his records. While searching inside the desk, Schadler found a glass vial containing a white powdery substance. The substance later turned out to be cocaine.

A suppression hearing was held on September 25, 1980. On May 8, 1981, the trial judge ruled that the Berrien County Prosecutor's office had no authority to procure a search warrant for an income tax violation. Additionally, he quashed the

* Circuit judge, sitting on the Court of Appeals by assignment.

information in the cocaine case, holding that the evidence presented at the preliminary examination was insufficient to establish probable cause that defendant possessed the seized cocaine. The people appeal as of right.

First, the people contend that the prosecutor is empowered under MCL 206.461; MSA 7.557(1461) (now MCL 205.27; MSA 7.657[27]), hereinafter § 461, to execute a search warrant before the Treasury Department has exhausted its civil remedies. We agree.

Section 461 sets up criminal penalties for either failing to file a return or filing a fraudulent return. Subsection (4) provides:

"The attorney general and the prosecuting attorney of this state shall have concurrent power to enforce this act." MCL 206.461(4); MSA 7.557(1461)(4).

This subsection vests power in the prosecuting attorney to enforce criminal violations in said section. Defendant contends that the word "act" refers to the entire income tax statute thus making it necessary to exhaust civil remedies before invoking criminal remedies. However, the more obvious interpretation is that the word "act" refers only to § 461. Subsection (4) was first added by 1978 PA 503. Section 461 was the only section in 1967 PA 281 that was amended. As such, the word "act" most likely referred to said section. Since the prosecutor is vested with the power to enforce criminal violations, he may secure evidence just as he would with respect to any other crime, through a warrant.

Moreover, the trial judge's reliance on MCL 205.3; MSA 7.657(3) which vests the commissioner of revenue with broad subpoena powers is misplaced. The statute provides in pertinent part:

"The commissioner or any of his duly appointed agents may issue a subpoena requiring any person to appear and be examined with reference to any matter within the scope of the inquiry or investigation being conducted by the department and to reduce any books, records or papers. * * * No person shall be excused from testifying or from producing any books, papers, records or memoranda in any investigation, or upon any hearing when ordered to do so by the commissioner, upon the ground that the testimony or evidence, documentary or otherwise, may tend to incriminate or subject him to a criminal penalty; but no person shall be prosecuted or subjected to any criminal penalty for or on account of any transaction made or thing concerning which he may testify or produce evidence, documentary or otherwise, before the board or its agent."

Requiring the people to first use a subpoena before using a search warrant would completely eliminate any criminal penalty for an income tax violation. We hold that the search warrant was a valid exercise of prosecutorial power to enforce the criminal tax law.

Second, the people contend that the magistrate did not abuse his discretion in finding probable cause for the possession of cocaine. We agree. Specifically, the trial judge held that the necessary element of possession was not established at the preliminary examination.

In *People v Maliskey,* 77 Mich App 444, 453; 258 NW2d 512 (1977), the Court stated with regard to possession of an illegal drug:

"Such 'possession' may encompass both actual and constructive possession. * * * Like other elements of the *corpus delicti,* possession may be proved by circumstantial evidence and reasonable inference drawn from this evidence. * * * The jury may infer intent to possess narcotics from many facts fairly proving its exis-

tence, since knowing or intentional possession of a controlled substance is an issue of fact for the jury."

At a preliminary examination, the prosecutor is not required to prove beyond a reasonable doubt all elements of the crime. The magistrate must only make a determination that a crime has been committed and that there is probable cause to believe that defendant committed it. *People v Doss,* 406 Mich 90; 276 NW2d 9 (1979).

In the case at bar, sufficient facts were presented to allow an inference that defendant possessed the cocaine. The drug was found in defendant's desk in the room where he kept all his personal and business records. There were only two other inhabitants in the house. It is unlikely that defendant's son would keep cocaine in his father's desk. A better argument perhaps could be made with regard to his wife. However, as stated above, in a preliminary examination hearing the test is not beyond a reasonable doubt but probable cause. A reviewing court will not reverse unless a clear abuse of discretion is shown. *People v Doss, supra.* We hold that there was no abuse of discretion in the magistrate's decision and that defendant was properly bound over for trial. Hence, the trial judge erred in quashing the information.

Reversed.