PEOPLE v MARTIN

PEOPLE v CLARK

PEOPLE v KING

Docket Nos. 78803, 80974, 82454. Submitted December 17, 1985, at Detroit.—Decided March 5, 1986.

Defendants Tommy L. Martin, Larry C. King, and Verlyler Clark were each convicted of 3 counts of armed robbery following a joint bench trial in Wayne Circuit Court. Defendant Clark was convicted as an aider and abettor. Each defendant was sentenced to three concurrent 10 to 20 year prison terms, James E. Mies, J. Additionally, defendants Martin and King were convicted of criminal sexual conduct in the first degree and felony-firearm. They were each sentenced to 20 to 40 years in prison for their criminal sexual conduct convictions and 2 additional years for their felony-firearm convictions. All defendants appealed. The Court of Appeals consolidated their appeals. *Held:*

1. The examining magistrate did not abuse his discretion in binding over defendant Clark for trial, after determining that several armed robberies had been committed and that defendant Clark had participated as an aider and abettor to those crimes, based on the evidence presented at the preliminary examination which included the testimony of a robbery victim who identified Clark as the driver of the get-away car.

2. Evidence admitted at the trial supported defendant Clark's conviction of armed robbery. In addition to testimony similar to that at the preliminary examination, a letter written by Clark to a robbery victim asking the victim to drop the charges was admitted by the trial court. A rational trier of fact could have found the essential elements of armed robbery proven beyond a

REFERENCES

Am Jur 2d, Appeal and Error §§ 736 *et seq.*

Am Jur 2d, Criminal Law §§ 163 *et seq.*, 358-360, 408 *et seq.*

Am Jur 2d, Evidence §§ 597 *et seq.*, 1080 *et seq.*

Am Jur 2d, Robbery §§ 3 *et seq.*

Admissibility, under Rule 404(b) of Federal Rules of Evidence, of evidence of other crimes, wrongs, or acts not similar to offense charged. 41 ALR Fed 497.

See also the annotations in the ALR3d/4th Quick Index under Accomplice; Robbery.

reasonable doubt as to defendant Clark. The trial court therefore did not err in refusing to grant defendant Clark a directed verdict of not guilty.

3. The case against defendant Clark would have turned on his credibility had he chosen to testify. The record indicated that the trial court recognized its discretion to admit or exclude evidence of Clark's prior convictions. The trial court properly ruled that evidence of Clark's prior conviction for armed robbery was inadmissible but that evidence of the rest was admissible for impeachment purposes in the event that he testified, after concluding that the evidence would be more probative than prejudicial.

4. The trial court did not err in admitting into evidence a letter written by defendant Clark to a robbery victim. A sufficient foundation for its admission was laid. The trial court was able to compare the handwriting in Clark's letter with the handwriting on a statement given by Clark to the police. The robbery victim testified that he recognized the letter's author. The letter had a return address of the Wayne County Jail, where Clark was incarcerated at the time. The letter was also relevant because it tended to establish Clark's active participation in and knowledge of the crimes committed.

5. Defendants King and Martin knowingly, intelligently and voluntarily waived their right to a jury trial. The Court of Appeals found no merit to their claim that their waivers were conditioned on the prosecutor's promise not to introduce defendant Clark's letter into evidence. The admission of the letter into evidence did not prejudice either King or Martin, since the letter contained no reference to them and the trial court stated that it would only consider the letter in the case against defendant Clark.

6. The trial court did not err by not advising defendant King of his constitutional right not to testify before he voluntarily took the stand. An accused's decision to testify or not to testify is a strategic decision best left to the accused and his counsel.

Affirmed.

1. CRIMINAL LAW — PRELIMINARY EXAMINATION — MAGISTRATES.

The examining magistrate at a preliminary examination must determine whether a crime has been committed and whether there is probable cause to believe that the defendant committed it; the prosecutor at the preliminary examination must offer evidence as to each element of the charged offense, but is not required to prove the elements of the crime beyond a reasonable doubt (MCL 766.13; MSA 28.931).

2. CRIMINAL LAW — PRELIMINARY EXAMINATION — APPEAL.

A reviewing court will not disturb a magistrate's determination at a preliminary examination unless there is a clear abuse of discretion.

3. CRIMINAL LAW — AIDERS AND ABETTORS — ARMED ROBBERY.

A prosecutor must show that a defendant encouraged, counseled, or assisted another in the commission of an armed robbery with the intent of rendering such help and with knowledge that a criminal act was contemplated, in order to establish that the defendant participated as an aider and abettor to armed robbery.

4. CRIMINAL LAW — DIRECTED VERDICT.

When ruling on a motion for a directed verdict of acquittal, a court must view the evidence presented by the prosecution in the light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.

5. EVIDENCE — IMPEACHMENT — CRIMINAL LAW — PRIOR CONVICTIONS.

The decision to admit evidence of prior convictions rests in the sound discretion of a trial court.

6. APPEAL — IMPEACHMENT — CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS.

Review of a trial court's determination to admit evidence of prior convictions for impeachment purposes involves two considerations: (1) whether the trial court recognized its discretion to decline to admit the evidence of the convictions, and (2) whether the trial court's decision was so palpably and grossly violative of fact and logic as to amount to an abuse of discretion.

7. EVIDENCE — IMPEACHMENT — CRIMINAL LAW — PRIOR CONVICTIONS.

The factors a trial court must weigh in reaching a conclusion as to whether or not to allow impeachment of a defendant in a criminal case by evidence of prior convictions include: (1) the nature of the prior offense; (2) whether the prior offense was for substantially the same conduct for which defendant is on trial; and (3) the effect on the decisional process if the accused does not testify.

8. EVIDENCE — FOUNDATION FOR ADMISSION.

The determination of whether or not a sufficient foundation has

been laid for the admission of evidence is within the discretion of the trial court (MRE 901).

9. CRIMINAL LAW — RIGHT TO TESTIFY.

A trial court need not advise an accused who decides to testify of his right to testify or not to testify; an accused's decision to testify or not to testify is a strategic decision best left to the accused and his counsel.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Rosemary Gordon,* Assistant Prosecuting Attorney, for the people.

*Gerald Lorence,* for defendant Martin.

*Gail Rodwan,* for defendant Clark.

*Lawrence Greene,* for defendant King.

Before: M. J. KELLY, P.J., and BRONSON and C. W. SIMON, JR.,* JJ.

PER CURIAM. Following a joint bench trial in the Wayne County Circuit Court, defendants Clark, Martin and King were convicted on three counts of armed robbery. MCL 750.529; MSA 28.797. Defendant Clark was convicted as an aider and abettor. MCL 767.39; MSA 28.279. Each defendant was sentenced to three concurrent 10 to 20 year prison terms for their convictions.

Defendants Martin and King were also found guilty of criminal sexual conduct in the first degree, MCL 750.5206; MSA 28.788(2), and felony-firearm, MCL 750.227b; MSA 28.424(2), arising out of the same incident. Martin and King were each sentenced to 20 to 40 years in prison for their CSC-1 convictions and 2 additional years in prison

---

* Circuit judge, sitting on the Court of Appeals by assignment.

for their felony-firearm convictions. All defendants now appeal as of right and the cases have been consolidated.

Initially, defendant Clark asserts that there was insufficient evidence produced at his preliminary examination to bind him over on multiple counts of aiding and abetting armed robbery. We disagree.

At the preliminary examination, the examining magistrate must determine whether a crime has been committed and whether there is probable cause to believe that the defendant committed it. MCL 766.13; MSA 28.931. The prosecutor, at the preliminary examination, must offer evidence as to each element of the charged offense, but is not required to prove the elements of the crime beyond a reasonable doubt. *People v McManus,* 121 Mich App 380, 385; 328 NW2d 636 (1982), *lv den* 417 Mich 1100.4 (1983). This Court will not disturb a magistrate's determination at the preliminary examination unless a clear abuse of discretion is established. *People v Shipp,* 141 Mich App 610; 367 NW2d 430 (1985), *lv den* 422 Mich 932 (1985).

There was certainly sufficient evidence offered at the preliminary examination to establish that several armed robberies were committed. The only question for the magistrate was whether defendant Clark was an aider and abettor to those crimes. To establish that one participated as an aider and abettor to armed robbery, the prosecutor must show that the defendant encouraged, counseled, or assisted another in the commission of an armed robbery with the intent of rendering such help and with knowledge that a criminal act was contemplated. *People v Turner,* 120 Mich App 23, 27; 328 NW2d 5 (1982).

After reviewing the evidence offered at the preliminary examination we find no abuse of discre-

tion in the magistrate's decision to bind the defendant over for trial. From the evidence offered it could be reasonably inferred that defendant Clark knowingly acted as the driver of the "get-away car". Dennis Green testified that after he was robbed at gunpoint by defendants Martin and King, they ran to a nearby parked car that had its engine running. Green proceeded to chase the car in his truck, and when the car was eventually stopped by the police, defendant Clark was identified as the driver. When Clark was removed from the car he attempted to hide his face from Green, who testified that he had known Clark all of his life. On these facts, we find no error in the magistrate's decision.

Similarly, we find defendant Clark's argument that there was insufficient evidence produced at trial to support his convictions also to be without merit. In addition to testimony similar to that offered at the preliminary examination, a letter allegedly written by defendant Clark to Green, asking him to drop the charges, was also offered into evidence. In the letter, defendant Clark essentially admits his participation in the robbery. Reviewing the evidence offered at trial in a light most favorable to the prosecution, we find that a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *People v Hampton*, 407 Mich 354; 285 NW2d 284 (1979). Therefore, the trial court did not err in refusing to grant defendant Clark a directed verdict of not guilty as to the armed robbery charges.

Next, defendant Clark argues that the trial court abused its discretion in refusing to suppress evidence of all but one of his prior convictions. The record indicates that defendant Clark had been previously convicted of the following offenses: at-

tempted larceny by false pretenses, attempted carrying of a concealed weapon, possession of heroin, attempted larceny from an automobile, and armed robbery. The lower court suppressed evidence of the armed robbery conviction but ruled that defendant's other convictions could be used if he decided to testify. Defendant Clark did not testify at trial. According to the defendant, because the court was informed that an adverse ruling on the admissibility of his prior convictions would keep him from testifying, the admission of evidence of the prior convictions constituted an abuse of discretion.

The decision to admit evidence of prior convictions rests in the sound discretion of the trial court. *People v Wakeford,* 418 Mich 95, 114; 341 NW2d 68 (1983). In *People v Carpenter,* 120 Mich App 574, 580-581; 327 NW2d 523 (1982), we stated:

"Review of a trial court's determination to admit evidence of prior convictions for impeachment purposes involves two considerations: (1) whether the trial judge recognized his discretion to decline to admit evidence of the convictions, and (2) whether the trial judge's decision was so palpably and grossly violative of fact and logic as to amount to an abuse of discretion. *People v Worden,* 91 Mich App 666, 674-676; 284 NW2d 159 (1979). The factors which the court must weigh in reaching a conclusion include: (1) the nature of the prior offense, (2) whether it was for substantially the same conduct for which defendant is on trial, and (3) the effect on the decisional process if the accused does not testify. *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978)."

The record in the present case reveals that the trial judge recognized his discretion to admit or exclude evidence of defendant Clark's prior convictions, and in fact found evidence of one such conviction inadmissible. However, the court determined that evidence of the defendant's other prior

convictions was more probative than prejudicial. We agree.

Had the defendant chosen to testify the case would have turned on the defendant's credibility. Thus, evidence of the prior convictions would have been very probative for impeachment purposes. *Carpenter, supra,* p 581. Further, since there is little indication in the record as to what the defendant's testimony would have been, we are left to speculate as to how the decisional process may have been affected had defendant Clark testified. Having reviewed the record, we cannot conclude that the lower court's decision to admit the evidence in the event defendant testified was so palpably and grossly violative of fact and logic as to amount to an abuse of discretion and require reversal.

The final argument raised by defendant Clark is that the trial court improperly admitted into evidence a letter purportedly written by him, because the letter was not properly authenticated and had no probative value. The letter at issue was written by a "Bass Clark" and sent to the complainant, Dennis Green, and indicates Clark's involvement in the robbery and asks that Green consider dropping the charges.

The decision whether a letter has been properly authenticated for admission into evidence is a matter within the sound discretion of the trial court. *Champion v Champion,* 368 Mich 84; 117 NW2d 107 (1962). MRE 901 requires identification or authentication of items by introduction of evidence "sufficient to support a finding that the matter in question is what its proponent claims". The requirement of identification can be satisfied by a comparison by the trier of fact with handwriting specimens which have been authenticated, or by the distinctive characteristics contained in the

letter itself, taken in conjunction with other circumstances. MRE 901(b)(3) and (4).

In the present case, the court was able to compare the handwriting in the Clark letter with the handwriting on a statement given by defendant Clark to the police. The court noted that the writing in the letter and on the statement bore certain resemblances. Further, Dennis Green testified that Bass Clark was defendant Clark's street name and that the "agent on Vinewood" mentioned in the letter referred to Pamela Morrison, defendant Clark's girlfriend and Green's cousin. The letter was also written during the time when Clark was incarcerated in the Wayne County Jail and the return address on the letter was the address of the jail. On this testimony, the lower court determined that the contents and distinctive characteristics of the letter provided the proper identification. We find no abuse of discretion in the court's ruling.

We also hold that the letter was relevant because it tended to establish the defendant's active participation in and knowledge of the crimes committed. Therefore, the letter was properly admitted against defendant Clark. MRE 402.

We now consider the arguments raised by the remaining defendants.

Both defendants King and Martin assert that their convictions should be reversed because their waiver of their right to a jury trial was not knowing, intelligent and voluntary, in view of the admission of the "Bass Clark" letter at trial.

Prior to trial, the admissibility of the "Bass Clark" letter was discussed. The trial judge refused to grant defendants' motion to exclude the letter, but indicated that severance of the defendants' trials might be required if the letter were admitted. The ruling that severance might be

required was based on the understanding that each defendant desired a jury trial. The prosecutor indicated that he would probably not use the letter, and on that basis the court ruled severance was not required. However, just prior to trial each defendant waived his right to a jury trial and the cases proceeded as bench trials. The waivers had not been expected by the trial judge.

Contrary to his statement prior to trial, during the trial the prosecutor did seek to introduce the "Bass Clark" letter into evidence against defendant Clark. The prosecutor argued that severance was no longer an issue since the defendants had unexpectedly agreed to bench trials. Defendants Martin and King objected to the admission of the letter stating that it created a potential *Bruton* [*Bruton v United States,* 391 US 123; 88 S Ct 1620; 20 L Ed 2d 476 (1967)] problem. The trial judge indicated that he would only consider the letter as evidence against Clark and thus saw no need for severance.

Having thoroughly reviewed the record we find no support for the defendants' argument that they waived their right to a jury trial based on the understanding that the Clark letter would not be admitted. The trial judge fully discussed the waiver on the record with each defendant. There is no indication that the waivers were anything but knowingly and voluntarily made or that they were conditioned on the fact that the "Bass Clark" letter would not be admitted. See *People v Margoes,* 141 Mich App 220; 366 NW2d 254 (1985). Further, The court was already aware of the contents of the letter from the defendants' pretrial motions and stated that it would in no way consider the letter as evidence against Martin and King. The admission of the letter certainly did not prejudice either defendant King or Martin because

it made no reference to them. On these facts, we find no reversible error. Even if the introduction of the letter would have been error in a jury trial, it certainly was not in a bench trial. *People v McShan,* 120 Mich App 496; 327 NW2d 509 (1982).

Finally, we reject defendant King's argument that the trial court committed reversible error by not informing him that he had a constitutional right not to testify before he voluntarily took the stand to testify on his own behalf. Defendant King does not maintain that he was in any manner compelled to testify. As we noted in *People v Simmons,* 140 Mich App 681, 684; 364 NW2d 783 (1985), *lv den* 422 Mich 961 (1985), an accused's decision to testify or not to testify is a strategic decision best left to an accused and his counsel.

The convictions of all three defendants are therefore affirmed.