# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

RUSSELL CHAPPEL RICE,

       Defendant-Appellant.

UNPUBLISHED
October 14, 2014

No. 317089
Wayne Circuit Court
LC No. 12-005218-FC

Before: CAVANAGH, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of carjacking, MCL 750.529a, armed robbery (two counts), MCL 750.529, and possession of a firearm during the commission of a felony (felony firearm), MCL 750.227b. He was sentenced to three concurrent terms of 10 to 20 years for the carjacking and armed robbery convictions and to a consecutive two-year term for the felony firearm conviction. We affirm.

Defendant gave a statement to the police when he was arrested after fleeing from a stolen car. He admitted being with three other individuals when they robbed two individuals at gunpoint and stole their car. Defendant shared details of the events of the evening, including the names of the individuals he was with, what each of them did, and that there were two guns involved. The testimony of one of the complainants was consistent with defendant's statement.

After the prosecution rested, defense counsel indicated that defendant did not wish to testify. The trial court stated that it wanted to voir dire defendant and further stated that, while the court knew that defense counsel had gone over the decision whether to testify, the trial court wanted to make sure that there was a clear record of this. The exchange between the trial court and defendant follows:

> *THE COURT:* So, first of all, Mr. Rice, I want to, to make sure you understand that any decision as to whether you're testifying or not testifying has to be yours; you understand that, sir?
>
> *THE DEFENDANT:* Yes
>
> *THE COURT:* And that Mr. McWilliams [defense counsel], he can give you advice and counsel, and he certainly has done that, but ultimately the decision

-1-

has to be yours regardless of what he may say or recommend, you understand that, sir?

*THE DEFENDANT:* Yes

*THE COURT:* Okay. And when you decide and if you decide not to testify, I want to make sure you understand that I'm not going to hold that against you, that there's a specific jury instruction that says the proof has to come from the prosecution and we can't make a defendant testify.

And if you choose not to testify, I'm not going to hold that against you. I'm not going to say, for example, when I go back and deliberate, I don't know why Mr. Rice chose not to testify, he could have explained to me what happened. I'm not going to do that, I'm not going to play that against you in any way, shape, or form, if you choose not to testify. You understand that, sir?

*THE DEFENDANT:* Yes.

*THE COURT:* And is it your decision that you're not going to testify?

*THE DEFENDANT:* Uh, I would like to testify.

*THE COURT:* Now, now you want to testify?

*THE DEFENDANT:* Yes.

*THE COURT:* Okay, All right. And I have no problem with that one way or the other. I just want to make sure that you understand it's your decision and if you choose not to testify, I wasn't going to hold that against you, okay. But your decision now is that you want to testify?

*THE DEFENDANT:* Yes.

Defendant now argues that he received ineffective assistance of counsel because his attorney did not prepare him to testify, should have known that it was not in defendant's best interests, and at the very least should have asked for a brief recess to discuss with the 17-year-old defendant his decision to testify.

Effective assistance of counsel is presumed and defendant bears a heavy burden of proving otherwise. *People v Pickens*, 446 Mich 298, 330-331; 521 NW2d 797 (1994); *People v Effinger*, 212 Mich App 67, 69; 536 NW2d 809 (1995). To establish ineffective assistance of counsel, defendant first must show that counsel's performance was below an objective standard of reasonableness. *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011). In doing so, defendant must overcome the strong presumption that counsel's assistance was sound trial strategy. *Id.* Second, defendant must show that, but for counsel's performance, it is reasonably probable that the result of the proceeding would have been different. *Id.*

The exchange on the record shows that defendant voluntarily agreed to testify. The decision whether to testify ultimately belongs to a criminal defendant to make personally, and his counsel must respect that decision. See *Rock v Arkansas*, 483 US 44, 52; 107 S Ct 2704; 97 L Ed 2d 37 (1987). The decision whether a defendant should testify constitutes a matter of trial strategy. *People v Martin*, 150 Mich App 630, 640; 389 NW2d 713 (1986). However, a criminal defendant has the "ultimate authority to make certain fundamental decisions regarding the case," including whether to testify in his or her own behalf. *Jones v Barnes*, 463 US 745, 751; 103 S Ct 3308; 77 L Ed 2d 987 (1983). An accused may testify even if his counsel disagrees with that decision. *People v Simmons*, 140 Mich App 681, 685; 364 NW2d 783 (1985).

Defendant argues that his attorney did not adequately prepare him to testify in his own defense. Defendant fails to indicate what defense counsel should have done differently to prepare defendant or how his alleged lack of preparation damaged his defense. Defendant's testimony was consistent with his statement to the police upon his arrest, which had already been admitted into evidence through the testimony of the police detective who took the statement, and with the testimony of the complainant. The complainant was not able to identify defendant as one of the individuals who robbed her and stole her car. During defendant's trial testimony, defense counsel questioned defendant about his decision to go along with the acts that were being committed rather than leave and go home. Defendant testified that he was so shocked when the offenses first occurred that he did not know what to do. Defense counsel questioned defendant about his remorse and defendant expressed deep remorse for what he had done.

Based on a review of the record, this Court finds that counsel made valid, strategic choices regarding his questioning of defendant during direct examination. Defendant has not shown that, but for counsel's performance, it is reasonably probable that the result of the proceeding would have been different. We find that defendant was not afforded ineffective assistance of counsel.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Amy Ronayne Krause