# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

RYAN MATTHEW HAUSER,

       Defendant-Appellant.

UNPUBLISHED
April 23, 2015

No. 319808
Oakland Circuit Court
LC No. 2013-245715-FC

Before: BECKERING, P.J., and CAVANAGH and SAAD, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of armed robbery, MCL 750.529, fourth degree fleeing or eluding a police officer, MCL 257.602a(2), driving while license suspended or revoked, second or subsequent offense, MCL 257.904, and possession of marijuana, MCL 333.7403(2)(d). We affirm.

Defendant drove the getaway vehicle following the armed robbery of a man and a woman staying at a hotel in Madison Heights. A police chase ensued. Defendant ran a red light and drove in excess of 100 mph. As his vehicle began to run out of gas, defendant jumped from it and ran. He was followed by police officers on foot, but defendant did not stop running. When he finally stopped, defendant refused to follow police orders and it took three police officers to apply handcuffs. The stolen items were located in defendant's red Ford pickup truck. At his trial, defendant testified that he had no idea the man with him, Charles Lester, was going to rob anyone and Lester threatened to shoot him if he did not flee from the police.

On appeal, defendant argues that his convictions of armed robbery and fleeing and eluding were not supported by legally sufficient evidence. We disagree.

This Court reviews de novo challenges to the sufficiency of the evidence. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). Viewing the evidence in a light most favorable to the prosecution, we determine whether a rational trier of fact could have found the essential elements of the offense were proven beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748, amended 441 Mich 1201 (1992). "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999) (citation omitted).

-1-

The elements of armed robbery are an assault and a felonious taking of property from the victim while the defendant is armed with a weapon. *People v Smith*, 478 Mich 292, 319; 733 NW2d 351 (2007). Fourth-degree fleeing and eluding consists of a driver willfully disobeying a direction to stop from a uniformed police officer in a marked police vehicle by increasing speed, extinguishing lights, or otherwise attempting to flee or elude the officer. MCL 257.602a(2).

Defendant was charged with armed robbery under an aiding and abetting theory. MCL 767.39 provides: "Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense." Evidence that a defendant acted as a getaway driver is sufficient to support a robbery conviction under an aiding and abetting theory. *People v Norris*, 236 Mich App 411, 421; 600 NW2d 658 (1999), citing *People v Martin*, 150 Mich App 630, 634-635; 389 NW2d 713 (1986).

Defendant's convictions were supported by sufficient evidence. The victims testified that they were robbed of property at gunpoint by a man later identified as Lester, who then escaped the scene in a red Ford pickup truck driven by a man later identified as defendant. Other witnesses testified that the getaway truck was driven by defendant and that defendant refused to pull his vehicle over when directed to so by police in a marked police car. Further, after engaging in a high-speed chase with police, defendant ran from police on foot and then physically resisted arrest. Although defendant testified that: he had met Lester just before the robbery, had no knowledge of Lester's plan to commit an armed robbery, and only fled from police because Lester threatened him with a loaded gun, we do not second-guess the jury's credibility assessment. See *Wolfe*, 440 Mich at 514-515. Viewed in a light most favorable to the prosecution, the evidence was sufficient to establish that defendant aided and abetted Lester in committing the armed robbery and that he fled and eluded the police.

Defendant next argues that his convictions should be reversed because the trial court admitted unduly prejudicial and inadmissible MRE 404(b) evidence or, alternatively, that his counsel was ineffective for failing to object to the admission of this evidence. We disagree.

As defendant admits, his counsel did not object to the challenged testimony on the ground that it was inadmissible under MRE 404(b); thus, this issue is not preserved. See MRE 103(a)(1). We review unpreserved evidentiary errors for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763-764.

Defendant challenges the admission of rebuttal testimony from Madison Heights Detective Shawn Scofield that he had questioned defendant regarding another armed robbery that occurred in Ferndale on the same night, about three hours before this robbery in Madison Heights. Scofield testified that the Ferndale robbery involved "very close circumstances" to the Madison Heights robbery, including a vehicle description matching defendant's truck. Scofield was permitted to testify that a red Ford pickup truck with a ladder in the back was seen leaving the scene of the Ferndale robbery and the robber matched Lester's description. According to defendant, the purpose of admitting this evidence was to show that defendant had a propensity to commit crimes, and propensity alone is not a sufficient basis to admit other acts evidence.

To admit evidence of prior bad acts, the evidence must be offered for a proper purpose under MRE 404(b), must be relevant under MRE 402, and the probative value must not be substantially outweighed by unfair prejudice. *People v Vandervliet*, 444 Mich 52, 74-75; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994). That is, the challenged evidence must not be offered merely to show the defendant's criminal propensity, but rather to show, for example, that he had knowledge or acted with a common scheme or plan. "Relevance is a relationship between the evidence and a material fact at issue that must be demonstrated by reasonable inferences that make a material fact at issue more probable or less probable than it would be without the evidence." *People v Crawford*, 458 Mich 376, 387; 582 NW2d 785 (1998). Evidence of an uncharged act may be admissible to show that the charged act occurred if the acts are sufficiently similar to support an inference that they are manifestations of a common plan or scheme, but the acts need not have distinctive or unusual features. *People v Sabin (After Remand)*, 463 Mich 43, 65-66, 63; 614 NW2d 888 (2000) (citation omitted).

Here, Scofield's testimony was not admitted to show defendant's propensity to commit crimes. Rather, it was admitted to show that defendant knowingly participated in the Madison Heights armed robbery, which was part of a common scheme or plan: Lester would rob people at gunpoint and defendant would drive the getaway vehicle—contrary to defendant's claims that he did not know Lester was going to commit an armed robbery and that he was forced by Lester to flee from police. The Ferndale armed robbery occurred shortly before the armed robbery in Madison Heights, the suspect matched Lester's description, and Lester left the scene in a red Ford pickup truck with a ladder in the back—just as in the Madison Heights robbery. Further, the probative value was not substantially outweighed by unfair prejudice. See *Vandervliet*, 444 Mich at 64. Accordingly, defendant failed to establish that the admission of Scofield's testimony constituted plain error affecting his substantial rights. And because the evidence was properly admitted, defendant's claim that his counsel was ineffective for failing to object to this testimony on MRE 404(b) grounds is without merit. See *People v Horn*, 279 Mich App 31, 39-40; 755 NW2d 212 (2008).

Affirmed.

/s/ Jane M. Beckering
/s/ Mark J. Cavanagh
/s/ Henry William Saad

-3-